FARMER v. INTERNATIONAL & G. N.
RY. CO.

(Court of Civil Appeals of Texas.   Jan. 28, 1911.)

1. RAILROADS (§ 274*)—APPROACHES—NEGLI-GENCE.
Where the defendant railroad company owned a portion of land on which a town built a sidewalk in front of a depot, partly under certain easement rights from the railroad company, and partly on one of the town streets, the railroad is not liable for injuries to one falling into a hole in the sidewalk through defect or lack of repair.
[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 274.*]

2. RAILROADS (§ 274*)—APPROACHES—NEGLI-GENCE.
While the law imposes a duty on railroads to keep in repair the approaches and platforms to and around their depots, no such duty is imposed upon them to keep in repair the streets and sidewalks in a town or city.
[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 274.*]

3. RAILROADS (§ 274*)—APPROACHES—NEGLI-GENCE.
Where plaintiff was injured on a sidewalk at a depot between two streets, and one of the streets was between the point where he was injured and the defendant's depot, the town having control of the streets, the railroad's re-

sponsibility related only to the approach from said street to its depot, and it did not undertake to build or keep in repair the crossing to such street.
[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 274.*]

4. RAILROADS (§ 274*)—APPROACHES—NEGLI-GENCE.
That a railroad permitted the town to use part of its right of way on which to construct a walk for use of its citizens is not sufficient to impose liability on the railroad.
[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 274.*]

5. CARRIERS (§ 286*)—INJURIES TO PASSEN-GERS—APPROACHES—NEGLIGENCE.
A railroad company must provide means of access to and from its stations, and where said way is faulty in construction and repair, and a passenger is injured by reason thereof, he is entitled to recover.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142–1152; Dec. Dig. § 286.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by G. T. Farmer against the International & Great Northern Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Farrar & McRae, for appellant. Supple & Harding and Baker & Baker, for appellee.

RAINEY, C. J. Appellant brought this suit against appellee to recover damages for personal injuries sustained by him while walking along a plank walk caused and permitted to be built from Main street, in Italy, to its depot for the use of the public and its patrons which it failed to keep in repair; that while plaintiff was going to appellee's depot on a mission of business he was tripped by a plank defectively fastened and caused to fall and was injured. Appellee answered by a general denial, and specially denied that it had anything to do with the construction, maintenance, or ownership of said walk; that said walk was owned and maintained by the town of Italy for its purpose, partly upon land which the appellee had an easement in and partly upon one of the streets, with the permission of appellee, and with the understanding that for its use and occupancy said town was not to plead limitation for appellee's part of the land and to deliver the possession thereof when desired; that the agreement between them was partly verbal and partly by a resolution of the town. Also pleaded contributory negligence.

The court instructed a verdict for appellee and judgment was accordingly rendered. Appellant appeals.

## Conclusions of Fact.

The following map shows the situation of the railroad track, sidewalk, and surroundings in the town of Italy where the accident happened:

The plaintiff was on his way to the depot, traveling along the plank walk with his brother to see about checking his brother's bicycle to Brazos Switch, and about what time the train left Sunday evening. The length of the plank walk is about 118 steps and runs from Main street to the depot. After walking about 70 steps appellant stepped on a cross-plank that was defectively fastened, which flew up and tripped him, causing him to fall in a hole 12 or 15 inches wide, made in the walk by two cross-planks that had been removed. The walk was constructed between Main and Poplar streets by laying stringers 2x4 on blocks, and across them were planks three or four feet long. The height of the walk was from 12 to 15 inches from the ground. Across Poplar street there were planks laid lengthwise to the depot. The walk between Main and Poplar streets was run partly along appellee's right of way and partly on land to which the appellee had no claim. The walk was constructed by the town of Italy as a walkway for the use of the public in going to and from the depot principally, but was used by the public indiscriminately. The right of way on which it partly rested had been acquired by the town from the defendant, and it was understood between them that the town's occupancy should not be adverse so as limitation would run and possession was to be delivered to the defendant when desired. The town originally constructed the plank walk and has ever since maintained it, and the defendant has never assumed any control whatever over it, nor in any way made repairs thereon.

### Conclusions of Law.

The question for decision is: Do the facts in this case, about which there is no material conflict, show any liability on the part of the railway company for failing to keep in repair the plank walk between Main and Poplar streets in the town of Italy? The law imposes no duty on railroad companies to keep in repair the streets and sidewalks in a town or city. It does impose the duty of keeping in repair the approaches and platforms to and around its depots, but the walk in question cannot be considered an approach to the depot, in the sense of that word as above used. Appellant was injured on said walk at a point between Main and Poplar streets. Between the point where appellant was injured and the depot was Poplar street. The town has control over said Poplar street and the railroad's responsibility relates only to the approaches from said street to its depot; it never undertaking to build or keep in repair the crossing to said street. The mere fact that the railroad permitted the town to use part of its right of way on which to construct the walk for the use of its citizens, is not sufficient to impose liability on the rail-

road. Neal v. Railway Co., 128 N. C. 143, 38 S. E. 474.

The appellant cites several cases where railroads have been held liable for injuries received from defective "approaches" to depots, but in those cases the approaches were immediately adjacent to the depot. We fully concur in the doctrine laid down in Railway Co. v. Trautwein, 52 N. J. Law, 169, 19 Atl. 178, 7 L. R. A. 435, 19 Am. St. Rep. 442, where it is held that the company must provide means of access to and from its stations and where said way is faulty in construction and repair and a passenger is injured by reason thereof he is entitled to recover. But the facts of this case are not the same, and we know of no case where a railroad company has been held liable under such a state of facts as presented in this case.

The judgment is affirmed.