WILLIAM J. MEREDITH, by his next friend, v. THE RICHMOND AND DANVILLE RAILROAD COMPANY.

*Railroad—Negligence—Injury to Person—Infants—Idiots.*

In an action against a railroad company for injury to person by its train, it appeared that the defendant had put in two side-tracks which extended into the public road, and that the plaintiff, a bright boy about thirteen years old, while passing along the highway, was struck and injured by an engine while seeking to avoid another coming from the opposite direction. At a short distance on either side of the tracks there was a wire fence: *Held*, he was not entitled to recover.

This was a CIVIL ACTION for damages, tried at February Term, 1890, of the Superior Court of MADISON County, before *Philips, J.*

The defendant company, in constructing its road from Hot Springs to Paint Rock, had used what had previously been the public highway, and, just below Hot Springs, had put in two side-tracks, in addition to the main line, extending some

distance down the road.   The plaintiff W. J. Meredith, who sues by his next friend, Nichols Meredith, his father, was shown by all of the witnesses to be a bright boy about thirteen years old.   In going from the house of his father to Hot Springs, he was compelled to pass along the defendant's road where the three tracks were laid down, and at a short distance on either side of said tracks there were lines of wire fence.   When on the way from his father's house to Hot Springs, he passed a train apparently heading towards Paint Rock, and not long after, seeing another train coming from Hot Springs, in his front, on the track on which he was walking, he stepped over to the side-track on which the train first seen by him was running, but failed to see it approaching him from his rear till it ran against and injured him. He might have stepped off the track and avoided the injury had he seen the train coming up behind him.   He was stricken by the engine and his arm was crushed and afterwards amputated.

When the plaintiff rested his case, the Judge instructed the jury that he could not recover.   The plaintiff submitted to judgment of nonsuit, and appealed.

No counsel for plaintiff.
*Mr. F. H. Busbee,* for defendant.

AVERY, J.: Where the engineer in charge of a moving engine sees a human being walking along the track in front of it, if such person is unknown to him and is apparently old enough to understand the necessity for care and watchfulness, under such circumstances the engineer may act upon the assumption that he will step off the track in time to avoid injury.   *McAdoo* v. *Railroad,* 105 N. C., 140; *Parker* v. *Railroad,* 86 N. C., 221.   The witnesses concur in the statement that the boy who was injured was an intelligent youth about thirteen years old.   In the absence of knowledge or

information to the contrary, the engineer was justified in supposing that he would look to his own safety even when trains were moving on three parallel tracks, if there was manifestly an opportunity to escape by walking across the rail to a neighboring side-track. *Daily* v. *Railroad*, 106 N. C., 301.

The fact that there was then no other possible route for persons walking from Paint Rock to Hot Springs would not relieve a man, or boy of his age, endowed with reason and the instinct of self-preservation, from the duty of watchfulness, when he must know and should be always mindful that carelessness will expose him to danger.

Actual or implied license from the railroad company to use the track as a foot-way would not relieve him from the consequences of failing to exercise ordinary care. The license to use does not carry with it the right to obstruct the road and impede the passage of trains. *McAdoo* v. *Railroad*, *supra*. Where the engineer knows the person on the track, and has knowledge or information that he is of unsound mind, or so deaf that he cannot hear an approaching train, or where the engineer sees or can, by ordinary care and watchfulness, discover that a human being is apparently lying asleep or helplessly drunk, or an animal or wagon is entangled on the track in his front, even at a public crossing, he cannot relieve the company of liability for injury caused by running over the person or animal, except by showing that he promptly used every available means, short of imperiling the lives of passengers on his own train, to avert the danger. *Deans* v. *Railroad*, 107 N. C., 686; *Bullock* v. *Railroad*, 105 N. C., 189; *Carlton* v. *Railroad*, 104 N. C., 365. The same rule applies where the injury has been done to a child apparently too small to understand the danger, and where the engineer, had he kept a proper lookout, might have averted it without peril to passengers. The boy injured was described by witnesses as bright and "smart," but, if he

was *apparently capable of appreciating his peril* or his situation, it is sufficient tó relieve the servants of the company from the imputation of carelessness in assuming that he would step aside before the engine reached him.    Considerations of public policy, such as the reasonable demand for the speedy transportation of mails, and the proper regard for the safety of passengers, forbid that trains should be stopped for trivial causes, or that the lives of those on board should be put in jeopardy, even to avert manifest danger to others.

We concur with the Judge below in the opinion that the plaintiff was not entitled to recover, because by the undisputed facts, considered in any phase presented by them, the plaintiff was negligent in failing to see the train approaching him from behind, while the servant of the defendant was not in fault in acting on the belief that plaintiff would move out of the way of the engine before it should reach him.    There is no error.

Affirmed.