WILLIAM MATTHEWS v. ATLANTIC AND NORTH CARO-
LINA RAILROAD COMPANY.

*Action for damages—Railroad Companies—Injury to Per-
son on Track—Negligence—Contributory Negligence.*

1. The engineer of a train may reasonably assume that a person
   whom he sees walking on a footpath at the end of the cross-
   ties, along the railroad track, and going in the same direc-
   tion as the train, will either stay on the path or will step
   further off from the track when he sees the train.

2. Where a person walking on a footpath at the end of the cross-
   ties along a railroad track, in the day time, and on the
   approach of a train going in the same direction, became con-
   fused and moved towards the track instead of away from it
   and was struck by the train and injured, his negligence and
   carelessness being the immediate cause of the injury, will
   preclude him from recovery although the engineer may have
   been negligent in not giving a warning whistle or signal.

CIVIL ACTION, tried before *Hoke, J.*, and a jury, at May
Term, 1895, of LENOIR Superior Court. On the conclusion
of the testimony, his Honor intimated that, upon the evi-
dence, the plaintiff was not entitled to recover and the
plaintiff submitted to a non suit and appealed. The facts
appear in the opinion of Chief Justice FAIRCLOTH.

*Mr. N. J. Rouse*, for plaintiff (appellant).
*Messrs. P. M. Pearsall* and *W. W. Clark*, for defend-
dant.

FAIRCLOTH, C. J. : It is not necessary to enter into a
general discussion of the duties and liabilities of a railroad
when running its train. The question in this case depends
upon the testimony of the plaintiff, as the court held that
upon all of his evidence he could not recover, and the
case was not submitted to the jury.

The plaintiff testified: "I am 22 years old. Before the

injury I was healthy and strong.    I lost my arm near Caswell on defendant road.    Was between two culverts, three and a half miles this side of Dover.    Was hurt by the connecting rod of the engine; was coming towards Goldsboro and was on right hand side coming this way, walking in a side track near the track, and the train was on me before I knew it. . I was so alarmed or blinded, instead of turning away from the train I turned towards it.    The train did not blow, and was on me before I knew anything about it.    Before I knew anything I was struck.    I had been taking quinine and was deaf that day.    The first person who came to me was Mr. Hawkins.    Drs. Woodley and Hyatt were called in.    They amputated my arm.    I was confined two months and suffered much, like to have died. I was between two crossings, was as far from front crossing as from here to front door of building.    The road at that point was straight and level.    I could not hear well, the wind was blowing hard that day and I had been taking quinine.    I was coming from Dover towards Kinston, and had not looked back from the time I left Dover till I was struck by the train.    Cross-examined :    It was the mail train and in the morning as train was going towards Goldsboro.    I had worked at saw-mill near the train. Don't know whether it was schedule time or not.    I was hurt by the engine rod as train was moving.    I turned towards the train.    I had been walking on sidewalk of track, and when I did hear it the train was right on me, and instead of turning away from train, turned towards it in my confusion and was struck by reason of turning towards the train."

It is suggested that it was the engineer's duty to sound his whistle and give the plaintiff notice of the approaching train.    If we assume that he should have done so when a person was walking ahead on the main track, we see no

reason, and presumably he did not, why he should blow the whistle when the plaintiff was walking on the sidewalk of the track, by which is meant the foot path at the end of the cross-ties, because he was then out of danger and the engineer reasonably assumed that he would either stay there or step further off from the track when he saw the train. For some singular and peculiar reason the plaintiff moved into a dangerous position at a critical moment, an event which the engineer could not foresee or anticipate. If the defendant was negligent in not giving a signal sound, the act of plaintiff was much greater carelessness and was the immediate cause of the injury and he cannot be excused for such disregard of his personal safety. *Parker* v. *Railroad*, 86 N. C., 221; *High* v. *Railroad*, 112 N. C., 385. We see no error in the ruling of the court nor in the record, and the judgment is affirmed.

Affirmed.