J. C. MARKHAM, Administrator of WILLIAM PERRY, deceased,
v. RALEIGH & GASTON RAILROAD COMPANY.

*Action for Damages—Injury to Person Walking on Side-
path Near Track—Evidence, Sufficiency of—Locomotive
Engineer.*

1. Where a person walking on the side-path of a railroad, where he
   is safe, falls from running or otherwise so as to be struck by
   the locomotive when it is too late for the engineer to stop,
   no fault can be imputed to the engineer, and where, in the
   trial of an action for damages for the injury to such person
   resulting in his death, those facts appeared, together with
   the further fact that deceased heard and could by looking
   backwards have seen the train, it was not error in the trial
   judge to hold that in no view of the evidence could the
   plaintiff recover.

2. An engineer seeing a person walking on or near the railroad
   track, and having no reason to know or believe that he is
   disabled in any way from seeing, hearing and understanding
   the situation, is allowed to presume that the person is sane
   and prudent and will either remain upon the side-track,
   where he is safe, or will leave the road-bed proper upon the
   approach of the train.

CIVIL ACTION, for damages, for the alleged negligent
killing of plaintiff's intestate, tried before *McIver, J.*, and
a jury, at April Term, 1896, of WAKE Superior Court.
The following is the testimony :

S. H. Perry, a witness for the plaintiff, testified :

" I am a son of the intestate, and was with him going
towards home from Wake Forest ; we were walking on the
path beside the railroad. I passed him and went over
past the crossing—heard the train blow and looked back
and saw him down by the side of the road at the end of

the cross-ties, twenty-five or thirty feet from the crossing. The engine blew after it passed me, twenty-five or thirty yards from the crossing. I heard no other blow or signal. I joined my father at Forestville; he was fifty years old, strong and healthy. He was a farmer. I worked with him. He made $400 or $500 per year. He had been drinking, but was not a drunken man; he had a pint of whiskey and four men drank out of it. There was something like a gill left.

" The road crossing was about 150 yards from the depot. I suppose the train was at the depot when we passed along the dirt road. I could have seen it if I had looked. That year my father was not farming; he was hiring himself out."

Dr. J. B. Powers, a witness for the defendant, testified :

" I was at Wake Forest that day, and was called to see intestate, and reached him in ten or thirteen minutes after the injury. He said he was running up the path, stumped his toe and fell; that the engine did not touch him but front wheel ran over his arm. He died from the injury. I smelt whiskey but did not see any. He was rational. He said he heard the train coming, and ran to get out of the way and fell."

Mrs. Perry, the wife of the intestate, testified that deceased was fifty years old; a farmer; had no mean habits, but drank his dram. He did not make a habit of drinking."

James Hartsfield, a witness for plaintiff, testified :

" I met intestate, and was twenty-five yards from him when he fell. I heard the train blow when it had passed the road crossing. I was not looking at him when the train passed. If he had stepped to one side the train would not have hit him. It would not hit him in the

path.   When I saw him fall the engine was opposite to him."

Plaintiff rested.

His Honor having intimated that the plaintiff would not be entitled to recover in any aspect of the testimony, the plaintiff submitted to a non-suit and appealed.

*Mr. B. C. Beckwith* for plaintiff (appellant).

*Messrs. L. R. Watts, MacRae & Day* and *J. B. Batchelor*, for defendant.

FAIRCLOTH, C. J.: His Honor properly held that the evidence in this case was insufficient to justify a jury in returning a verdict for the plaintiff.   It appears that plaintiff's intestate was not on the road-bed but walking along the path beside the railroad, that is the foot-path at the end of the cross-ties.   The son said he could have seen the train if he had looked back.   The deceased said he heard the train coming, and ran to get out of the way and fell, and his arm was caught by the front wheel.   It further appeared that if he had remained in the path the train would not have struck him.   *Young* v. *Railroad*, 116 N. C., 932.

An engineer, seeing a person walking on the road track without any reason to know or believe that such person is disabled in some way from seeing and hearing and understanding the situation, may reasonably assume that such person is sane, and as a prudent man will either remain on the side-path where he is safe or will leave the road-bed proper when the train is approaching.   If the deceased fell in the wrong direction from running or otherwise near by the train when it was too late for the engineer to stop, it was his misfortune and not the fault of the engineer. *Matthews* v. *Railroad*, 117 N. C., 640.

Affirmed.