SMITH v. ATLANTA AND CHARLOTTE RAILROAD COMPANY.

(Filed June 17, 1902.)

1. NEGLIGENCE—*Personal Injury—Contributory Negligence.*

   In an action against a railroad company for injury to an employee, it appearing that such employee was painting a switch target within three feet of the rail and was struck by a switch engine, the engineer of such engine had the right to assume that the person injured was in possession of all his faculties and not being hampered by any obstructions that would prevent his instantaneous avoidance of danger, would step out of danger.

2. RAILROADS—*Lessor—Lessee—Negligence.*

   The lessor of a railroad is liable for the negligence of the lessee in the operation of the road.

   DOUGLAS, J., dissenting.

ACTION by Fred Smith against the Atlanta and Charlotte Railroad Company, heard by Judge *W. A. Hoke* and a jury, at October Term, 1901, of the Superior Court of MECKLENBURG County. From a judgment for the plaintiff, the defendant appealed.

*Burwell, Walker & Cansler,* for the plaintiff.
*Geo. F. Bason,* for the defendant.

MONTGOMERY, J. According to the plaintiff's evidence, he was engaged in painting what is known as the "switch target" on one of the tracks of the defendant in its depot yard at Charlotte—the target being about four feet off from the rail—and that in doing his work he was compelled at times to put himself in danger of passing trains; that the track where he was at work was straight for several hundred feet, and there was no obstruction to the view in either direction along the track; and that while he was engrossed in his

work and inadvertent to one of defendant's shifting engines, the engineer, without signal or bell or whistle, ran him down and injured him.  His Honor thought, upon the plaintiff's own evidence that the plaintiff contributed to his own injury, and so instructed the jury; but at the same time said that such contributory negligence would not prevent the plaintiff's recovery if the jury should find that the engineer knew or could have seen that the plaintiff was in danger and inadvertent to the approach of the engine, and ran the engine down the track and upon the plaintiff without giving notice of the approach by proper signals.

The imputed negligence of the defendant is clearly stated by his Honor, and as the charge on that contention of the plaintiff is the vital point in the case, we will give the whole of it: "A breach of duty that was imputed to defendant in this case was that plaintiff was engaged in performing his work; that he was in a position of danger, and so near the track that he was liable to bring about a position of danger; that he was in a position of danger; that he was absorbed in his work in which he was engaged, and that that must have been evidence to the employees of the defendant on that engine; and while he was in a dangerous position and evidently unaware of the approach of the engine, that this defendant, through its agent, ran that engine on him without giving any warning or signal of its approach, and that he was knocked down and injured severely by it, and that was the proximate cause of the injury.  If the jury find by the greater weight of the evidence that that is true; if you find that plaintiff was there in what you find was a dangerous proximity to that rail, and that being engrossed in his work he was inattentive to the approach of that engine as it came down the track, and you further find that the employees of the defendant who were on the engine knew that it was evident to them that plaintiff was in that condition, and, being evident to them, they ran

the engine on down the track without giving proper signals in order to let him escape, and injury followed,. and if you find that this was the proximate cause of it, you will answer, 'Was the plaintiff injured by the negligence of the defendant?' 'Yes,' otherwise, 'No.' "

The case was tried by his Honor with his usual ability and painstaking care, and we find no error in any of his rulings, except in this one. We have no precedent in our Reports, nor have we been able to find one anywhere, upon a state of facts like those present in this case. And we have been slow, therefore, to declare as erroneous the conclusion reached by his Honor. The plaintiff labored under no infirmity, he was sober, intelligent, occupied a position where he could do his work with entire safety, if he would only keep watch for the passing trains. There was no obstruction of any sort to prevent him from seeing the engine which struck him, nor to prevent him stepping out of danger instantly.

In *McAdoo v. Railroad,* 105 N. C., 140, and in *Meredith v. Railroad,* 108 N. C., 616, it was decided that an engineer who sees a person walking along the track in front of a moving engine, may act upon the assumption that the person will step off the track in time to avoid injury, if such person is unknown to him, and is apparently old enough to understand the necessity for care and watchfulness. It seems to us that such an assumption was lawful on the part of the engineer in the present case. The fault, then, with his Honor's charge, as we see it, is that he allowed the jury to consider, under the first issue, the continuing of his work by the plaintiff as evidence that he was engrossed in his work, and on that account was inadvertent to the approach of the train. The engineer, it appears to us, had the right to assume that the plaintiff, in possession of all his faculties and not hampered by any obstructions that would have prevented his instantaneous avoidance of danger, would have stepped out of danger. It would

be a difficult matter indeed for any important railroad system to carry on its business, if each engineer of a switch-engine is to stop his engine whenever he sees an employee continuing his work upon the approach of the engine, or the employee is to stop his work, except for the second to step out of the way of the train.

The defendant's contention that it is not liable for such acts as are set out in the complaint—it being alleged in the complaint and admitted in the answer that the defendant is a lessor and the Southern Railway Company the lessee of the defendant railway, and that the injury of the plaintiff occurred while the road was being operated by the lessee—can not be entertained, and his Honor's ruling was correct in refusing to dismiss the action on that ground.

Error.

DOUGLAS, J., dissents.