PHELPS v. WINDSOR STEAMBOAT COMPANY.

(Filed September 16, 1902.)

CARRIERS—*Steamboats—Lessor—Lessee—Negligence.*

The lessor of a steamboat, not being a quasi public corporation, is not liable for injury to a passenger from negligence of the lessee.

ACTION by J. T. Phelps and wife against the Windsor Steamboat Company, heard by Judge *George H. Brown,* at Spring Term, 1902, of the Superior Court of BERTIE County. From a judgment dismissing the action as to defendant Elizabeth Branning, administratrix, the plaintiff appealed.

*St. Leon Scull,* for the plaintiffs.

*Pruden & Pruden,* and *Shepherd & Shepherd,* for the defendant.

CLARK, J.  This is an action against the defendant steamboat company alleging that while a passenger on one of its boats, by negligence in the loading and operation thereof, the boat was capsized and the plaintiff was thrown into the water and injured, and her baggage was also damaged.  The plaintiff joins in the action the administratrix of one John W. Branning, upon the ground that said Branning was the owner of said vessel, and had leased it to the said steamboat company.  It does not appear, nor is it alleged, that he had any

connection with the operation of said vessel by the other defendant.

His Honor properly dismissed the action as to Branning upon the ground that no cause of action is stated against him. *Gulzoni v. Tyler,* 64 Cal., 334; S. and R. Neg., sec. 501. In *Harden v. Railroad Co.,* 129 N. C., 354; 55 L. R. A., 784; 85 Am. St. Rep., 747, and the cases there cited; from *Aycock v. Railroad,* 89 N. C., 321, down to and inclusive of *Perry v. Railroad,* 129 N. C., 333, and *Raleigh v. Railroad, Ibid,* 255 (affirmed since in *Smith v. Railroad,* 130 N. C., 344), the lessor is held liable, notwithstanding the lease, because a railroad company (the lessor in those cases) was a quasi public corporation, enjoying the use of the right of eminent domain to take private property by condemnation for its right-of-way "because it is for a public use," and with many other special privileges and rights conferred for the public benefit, and it could not be allowed by merely making a lease to put off all liability for the manner in which its duties are discharged, while receiving the full benefit for valuable privileges conferred upon it in the shape of rental. This can only be done, as the authorities cited in those cases show, when the legislative power having had opportunity to look into the solvency of the lessee has not only authorized the lease, but has expressly released the lessor company from further responsibility. *Logan v. Railroad,* 116 N. C., 940; 20 Am. and Eng. R. Cases Ann. at page 847, 848, and numerous other cases cited in *Harden v. Railroad, supra.* Were it otherwise, an insolvent lessee could operate the railroad without responsibility to the public or to employees leaving the lessor, the original corporation, to enjoy the profits of its privileges without any corresponding responsibility in return.

But nothing in those cases, nor in the reason of the thing, applies to the lessor of a steamboat which has received no

special privileges or benefits of great value from the State, and who indeed in this instance was a private individual. No liability attaches to said Branning because he was president of said company, unless it were alleged and shown that the lease was collusive and colorable only and a sham to avoid personal liability, and that he had in fact leased his own property to himself. But there is no such averment, and in dismissing the action as against his estate, there was

No Error.

Cook, J., concurs in the conclusion.