SMITH v. ATLANTA AND CHARLOTTE AIR LINE RAILWAY CO.

(Filed December 20, 1902.)

1. APPEAL—*Review—Questions not Considered Below.*

   In an action for personal injuries, questions as to the speed of the engine causing the injury and certain rules of the railroad company, which were not submitted to the jury as evidence of negligence, will not be considered on appeal.

2. NEGLIGENCE—*Railroads—Employees—Contributory Negligence.*

   In an action against a railroad company for an injury to an employee, it appearing that such employee was painting a switch target within four feet of the rail and was struck by a switch engine, the engineer of such engine had a right to assume that the person injured was in possession of all his faculties, and not being hampered by any obstruction that would prevent his instantaneous avoidance of danger, would step out of danger.

   CLARK and DOUGLAS, J.J., dissenting.

Petition to rehear this case, reported in 130 N. C., 344.

*Burwell, Walker & Cansler,* for the plaintiff.
*Geo. F. Bason,* for the defendant.

MONTGOMERY, J.   The argument of the plaintiff's counsel on the rehearing was addressed to three alleged errors made in the decision on the former hearing:

1. It was contended that the Court erred in treating the plaintiff as if he were a trespasser on the track of the defendant, instead of as an employee.

2. That the speed of the train was an important factor in the case, and that we gave it no consideration.

3. That the rules which were prescribed by the company for the operation and regulation of its trains in respect to its

employees were not considered for any purpose in the former opinion.

It was argued that if those errors had not been made, the erroneous conclusion which the Court arrived at could not have been reached. For all practical purposes, the facts necessary for a proper consideration of the case are set out in the former opinion. 130 N. C., 344.

In the discussion which is to follow, we will leave the first alleged error to be treated with the question of the defendant's negligence.

As to the second assignment of error, concerning the speed of the engine in connection with the plaintiff's hurt, it is sufficient to say that on the trial below it had no significance. The defendant's fourth prayer for instructions was as to its right to run its engine, so far as the plaintiff was concerned, at any rate of speed it chose. His Honor read the prayer to the jury, and said, "There was no evidence that the rate of speed caused the injury, and therefore the rate of speed will be excluded from the consideration of the jury as evidence of negligence on the first issue."

In reference to the third alleged error on the part of this Court—that we did not give consideration to the rules of the company—it is sufficient to say that in the charge to the jury, his Honor neither recited these rules, nor made any reference to them as bearing upon the plaintiff's rights or the defendant's negligence, and there was nothing for us to consider about them.

The only question, then, which remains for consideration, is whether or not the Court was in error in the conclusion it arrived at in the former opinion.

That part of the charge of his Honor which we thought was erroneous is set out in full in the former opinion, and it is not, therefore, necessary to insert it here.

The plaintiff was not employed to do work which required

him to go upon the track of the defendant company, and, so
far as the evidence discloses, he did not put his foot upon it.
He was employed to do the simplest of all mechanical work—
to paint some switch targets in the defendant's shifting yard
at Charlotte.    The targets were four feet from the railroad,
and the position was perfectly safe if the plaintiff had re-
mained at the outside of the target.    The track was perfectly
straight for about six hundred feet, and there were no obstruc-
tions of any kind for that distance along the way.    The
plaintiff placed the paint bucket between the rail and his feet,
and in the act of a second, stooping over to dip his brush in
the paint, his head was stricken by a passing engine, and he
was badly hurt.    He said that there was no signal given by
bell or whistle.    Under these facts, we are of the opinion, as
we were when the case was before us last, that the engineer
had a right to assume that the plaintiff would have stepped
out of danger if he had peradventure gotten too near the
track, or that he, the plaintiff, would not put his head in
danger by leaning over to dip his brush in the paint as the
engine was passing by.    It seems to us no reasonable man
could have thought that the plaintiff, under the circumstances
of this case, would need any caution or signal.

This view of the conduct of the defendant's engineer is
fully sustained in *Aerkfetz v. Humphries,* 145 U. S., 418.
There, the plaintiff was a repairer of tracks in the switch
yard of the defendant.    The tracks were straight and with-
out obstructions in either direction.    He was at work at the
time of the accident in the yard when the switch engine,
pushing two cars, moved slowly along the track upon which
he was at work, the speed of the engine being that of a man
walking.    The plaintiff stood with his back to the approach-
ing cars, engaged in his work, without looking backward or
watching for the engine, until he was run over by the first
car.    The plaintiff there was an experienced man in work

SMITH *v.* RAILWAY CO.

about the yard, as was the plaintiff in the case before us. They both knew all about the shifting of cars and the general work about switch yards.   The differences in the main facts of the two cases are that, in the case of *Aerkfetz v. Humphries, supra,* the engine was moving at a slower speed than was the engine in our case, and the plaintiff, there, was engaged in working on the track, while in the present case the plaintiff was not employed to work on the track.   The speed of the engine, as we have seen, does not have any bearing, as we have pointed out.   The Court decided in *Aerkfetz v. Humphries* that the defendant was not negligent.   It is not necessary for us to go so far as the Court went in that case; and we do not undertake to decide that there would be no negligence on the part of a railroad company for one of its engineers, without signal or warning, to run down its employees who are engaged in work on its tracks.   When such a case is presented, then will be the proper time to consider it.

The counsel of the plaintiff referred us to numerous decisions from the Courts of other States, in which it has been held to be negligence on the part of railroad companies to run over with their engines or cars their employees while engaged in work upon their tracks, without having given proper warnings, that is, that the employees have the right to expect warning.   They are not cases like the one before us.   The petition to rehear is dismissed.

Petition Dismissed.


CLARK, J., dissenting.   The plaintiff was not a trespasser, but had been ordered by his superior to paint the switch target between the two tracks, where he was working when struck by the engine.   While this target was four feet (less seven or eight inches for the fans or wings) from the rail, the projection of the car and steps, 29 inches, left but a few inches (11 or 12) of space.   The defendant's engine and cars came

down one track and passed to plaintiff's rear, and then came rapidly up another track, moving backwards with a car in front, without ringing the bell and running at a high rate of speed—10 or 15 miles per hour, according to the defendant's own witness, and 25 to 30 miles an hour, according to the plaintiff's witness—and struck him on the back as he leaned over to dip his brush in the paint, cutting a hole in his back and lacerating his shoulders and head and paralyzing his right arm. The plaintiff was preoccupied with his work, and could not be expected to look both to the front and rear, and keep up his work, too. It is in evidence that the rules of the company required the bell to be rung to give notice to those at work on or near the track, and that this notice was customary. The plaintiff had a right to rely upon the observance of the rules and the custom, both of which were known to him, and of course to the engineer, too. The engineer approaching from the rear could see the plaintiff 600 feet away on a straight track, preoccupied with his work. Under such circumstances, the rapid speed, and the failure to observe the rules and the custom by ringing the bell, were evidence of negligence to go to the jury.

The Court charged the jury that if the plaintiff was not put at work in a dangerous place, but was comparatively safe, and suddenly turned and got in the way of the engine when it was too late to stop it, the jury should answer the first issue "No." The jury answered the first issue "Yes," thereby finding that the engineer was negligent in not avoiding the injury by giving the signal required by the rules for the safety of those working on *or near* the track. The rules of the company were in evidence, and require the engineer, if any person is on or so near the track as to be in danger, to ring the bell of his engine when shifting, and to blow the whistle if necessary, and to use every possible means to prevent an accident. There was also evidence that it was the

custom always to ring the bell while running the engine for shifting at this passenger station.

The former opinion of the Court, 130 N. C., at page 346, says that the *only* error found in the trial below was in leaving it to the jury to determine whether the engineer, seeing the preoccupation of the plaintiff, and not giving signal to warn him, was negligent and the proximate cause of the injury. But surely all the above circumstances, the evidence of running 25 or 30 miles an hour, the failure to observe the rules and the custom to ring the bell, the sight by the engineer of the plaintiff 600 feet away, intent on his work, were properly submitted to the jury, especially when coupled, as they were, with the instruction that if the plaintiff was not at work in a dangerous place, but suddenly turned and got in the way of the engine when it was too late to stop it, to answer the first issue "No."

The target, according to the evidence, was four feet from the middle of the rail, and the fan which the plaintiff was painting when struck, extended 7 or 8 inches toward the rail, leaving the space 40 or 41 inches, while the step of the car extended 29 inches from the rail, reducing the space to 11 or 12 inches. The plaintiff, a tall man, when he leant over to dip his brush in the paint, occupied, he says, more than that space to the right. Relying upon the regulation and custom of shifting engines to ring the bell, he was struck from behind, while thus stooping, by an engine which, by some of the evidence, bore down on him at the rate of 25 miles an hour, and without giving any signal, as required. The plaintiff's work was between two tracks, and he could not look both ways at once.

That we have not direct precedents in our Courts, is due to the fact that till recently an injury caused by the negligence of a fellow servant was not actionable. But there are many precedents elsewhere, cited in the very able brief of the de-

fendant's counsel. In *Erickson v. R. Co.,* 41 Minn., 500, 5 L. R. A., 786, it was held that one rightfully in close proximity to the track, employed by the defendant, was not required to look out for passing engines, as in the case of trespassers or licensees, but that the company owed him the duty of *"active vigilance"* in giving proper signals and warnings of the approach of engines and trains. The Court says: "The plaintiff had the right to rely on the continued performance of this duty, without the necessity, while engrossed in his work, of keeping constant lookout for approaching trains." There are numerous cases to same effect which might be added.

That the plaintiff had the right to rely upon the custom to ring the bell is held in *Stanley v. R. Co.,* 120 N. C., 514; *Norton v. R. Co.,* 122 N. C., 936; Beach Cont. Neg., Sec. 67. The plaintiff was rightfully at his place, and even if he had not been, the defendant should have sounded its usual warning. *McLamb v. R. Co.,* 122 N. C., 862; *McCall v. R. Co.,* 129 N. C., 298.

I think Judge Hoke committed no error in leaving the matter to the jury, and that the petition should be allowed.

The whole evidence is not set out in this dissent, for it can very rarely be appropriate, since this Court has no power to review the action of the jury. All that is necessary is to set out only such part of the evidence as, taken most strongly for the plaintiff, would justify, or not, the submission of the disputed matter to the only tribunal which is authorized to decide issues of fact.

DOUGLAS, J., concurs in the dissenting opinion.