PHARR v. SOUTHERN RAILWAY CO.

(Filed December 15, 1903.)

1. PLEADINGS—*Admissions—Evidence—Carriers.*

In this action against a railroad company to recover for personal injuries, the answer introduced as evidence does not admit that the decedent could not see the approaching train and was unaware of its approach.

2. NEGLIGENCE — *Contributory Negligence—Evidence—Sufficiency of Evidence—Railroads.*

The evidence in this case is not sufficient to be submitted to the jury as to the negligence of the defendant in killing the decedent, and it shows that the decedent was negligent in failing to look and listen before stepping on the track of the defendant.

ACTION by H. N. Pharr, administrator of G. D. Sinclair, against the Southern Railway Company, heard by Judge *W. H. Neal* and a jury, at July Term, 1903, of the Superior Court of MECKLENBURG County. From a judgment for the defendant the plaintiff appealed.

*Clarkson & Duls,* for the plaintiff.
*George F. Bason* and *A. B. Andrews, Jr.,* for the defendant.

MONTGOMERY, J. It has been decided by this Court over and over again that a railroad company, through its locomotive engineer on a moving train during day-time, owes no duty to give signals to a pedestrian on its track who is apparently in possession of his faculties, and in the absence of any reason to suppose that he is not. And the reason is that the engineer may reasonably believe, and act upon the belief, that the walker on the track will get off in time to prevent being stricken. *McAdoo v. Railroad,* 105 N. C., 140; *Meredith v.*

*Railroad,* 108 N. C., 616; *Norwood v. Railroad,* 111 N. C., 236; *High v Railroad,* 112 N. C., 385; *Neal v. Railroad,* 126 N. C., 634, 49 L. R. A., 684; *Bessent v. Railroad,* 132 N. C., 934. In analogy to the decisions in the above cases the rule has been laid down that where a person is seen by the engineer walking on a foot-path alongside of the track and out of danger, that it may and will be presumed by the engineer that he will remain on the side-path or step farther from the track when he sees the train. *Matthews v. Railroad,* 117 N. C., 640; *Markham v. Railroad,* 119 N. C., 715.

In the case before us the plaintiff's intestate, at the time when he was killed by one of the defendant's engines, was walking, with a bag or sack on his back, between the main track and a side track, the space intervening between the tracks being eight feet. People were accustomed to walk there, and there was room enough for that purpose between trains of cars on both tracks at the same time. As he was passing an engine at rest but exhausting steam on the side track, either to avoid the escaping steam or to cross the track to reach Fifth street, he stepped upon the main track and was immediately stricken by an engine hauling a train of cars on the main track and moving in the same direction that the plaintiff's intestate was going. The evidence of the plaintiff was to the effect that there were no signals of bell or whistle. The plaintiff further introduced the fifth allegation of the complaint and the fifth paragraph of the answer. It was alleged in that part of the complaint that he (plaintiff) had a heavy sack on his back, which bent him over and compelled him to look downward; that opposite to where he was walking on the switch track was an engine blowing off steam, making a great noise and making it impossible almost to see and almost impossible to hear; that on account of the noise of the engine blowing off steam and the cloud of steam in which plaintiff's intestate was enveloped, he was

unaware of the approach of the train and unable to see same on the main-line track; that at all times while the engine on the main line was approaching plaintiff's intestate within a distance of two hundred yards or more the engineer in charge of the defendant's engine, who was defendant's employee, saw or in the exercise of due care could have seen plaintiff's intestate was in a perilous position, and the said engineer in the exercise of due care could have prevented and avoided the killing of plaintiff's intestate."

The defendant, in the fifth paragraph of its answer, denied "that at all times while the engine on the main line was approaching plaintiff's intestate at the distance of two hundred yards or more the engineer in charge of the defendant's engine saw or in the exercise of due care could have seen that plaintiff's intestate was in a perilous position, and that said engineer, by exercise of due care, could have prevented and avoided killing plaintiff's intestate." In the argument here the plaintiff's counsel contended that the defendant, by the wording of the fifth paragraph of his answer, admitted that the plaintiff could not see the engineer on the approaching train or hear the approach of the train because of his position amidst the escaping steam and noise of the engine on the side track, and that the plaintiff was really unaware of the approach of the train and unable to see it. But the allegation of the complaint is not that he could not see or hear, but that owing to the noise and the steam it was made impossible *almost* to see and *almost* impossible to hear. Neither is it alleged in the complaint that before he walked into the escaping steam or before he stepped upon the main track he looked or listened. Nor can it be surmised that the plaintiff intended in his complaint to allege that the plaintiff, before he stepped into the escaping steam or upon the main track, could not see or hear the coming train. The answer in no wise admitted the negligence of the defendant, but

denied it. The plaintiff introduced only one witness as to
the killing—W. L. Wentz. That witness testified, in an-
swer to a question put to him by the plaintiff's counsel as
to whether the engine on the side track was "making con-
siderable noise," "just ordinary fuss." "He stepped on the
end of the cross-ties to shun that engine on the side track—the
noise." On cross-examination he was asked: "If there was
any steam being made by that engine standing still on the
side track, was that in the way of the man?" He said: "I
don't know whether there was any smoke at all, but the old
man stepped up there, as I understood, to get out of the way
of the engine." Question: "That is just supposition on your
part?" Answer: "It was making a noise—I am satisfied
about that." Q. "Whatever steam or smoke there was, it was
south of it?" Ans. "Yes, between him and the depot." The
engine that struck the intestate was moving southward and
the stationary engine on the side track was heading toward
the north. Upon an inquiry by the Court the witness said
that at the time the plaintiff stepped upon the main track he
was ten or fifteen feet up the road from the stationary engine.
The witness further said: "There was nothing to prevent him
from seeing the engineer or the engineer from seeing him."
Taking the alleged sections of the complaint and answer and
the evidence of Wentz, we find not even a scintilla of evidence
that the defendant's engineer was negligent. But even if the
defendant's engineer had been negligent in not giving a warn-
ing whistle or signal, the plaintiff is not entitled to recover,
because his own negligence and carelessness were the imme-
diate cause of the injury. In *Matthews v. Railroad, supra,*
the Court said: "It is suggested that it is the engineer's duty
to sound his whistle and give the plaintiff notice of the ap-
proaching train. If we assume that he should have done so
when a person was walking ahead on the main track, we see
no reason, and presumably he did not, why he should sound

the whistle when the plaintiff was walking on the sidewalk of the track, by which is meant the foot-path at the end of the cross-ties, because he was then out of danger, and the engineer reasonably assumed that he would stay there and step further off from the track when he saw the train. For some singular and peculiar reason the plaintiff moved into a dangerous position at a critical moment, an event which the engineer could not foresee or anticipate. If the defendant was negligent in not giving a signal sound, the act of the plaintiff was much greater carelessness and was the immediate cause of the injury, and he cannot be excused for such disregard of his personal safety." In *Syme v. Railroad,* 113 N. C., 558, the Court said: "We cannot yield to the ingenious suggestion of the able counsel for the plaintiff that the engineer must have seen the long freight train (on the neighboring track of another railroad company) and known the fact that the engine was 'exhausting heavily,' so as to render the intestate so insensible to the approach of the other train as if he had been deaf, and that therefore the defendant's engineer was negligent in not attempting earlier to stop the train. But it was the duty of the intestate to look as well as listen, under the circumstances, and he was negligent if he failed to use his eyes as well as his ears. McAdoo's case, *supra.* On the other hand, the engineer was justified in assuming that the intestate had looked, had notice of his approach, and would clear the track in ample time to save himself from harm." It was alleged in the complaint, and denied in the answer, that the engine was running at a greater rate of speed than that permitted by the city ordinance. There was no evidence offered on that question, and it was admitted on the argument here that such was not the case. If that point had been before us it would not have relieved the plaintiff's negligence, for in *Neal v. Railroad,* 126 N. C., 634, the Court said: "If the plaintiff's intestate was walking upon the defendant's road in

open daylight, on a straight piece of road, where he could have seen the defendant's train for 150 yards, and was run over and injured, he was guilty of negligence. And although the defendant may have also been guilty of negligence in running its train at a greater rate of speed than was allowed by the town ordinance, or in not ringing its bell as required by said ordinance, and in not keeping a lookout by its engineer as it should have done, yet the injury would be attributed to the negligence of the plaintiff's intestate." To the same effect are *Lea v. Railroad,* 129 N. C., 459, and *Bessent v. Railroad,* 132 N. C., 934. The doctrine of the last clear chance was not involved here, because the intestate was stricken immediately upon stepping upon the track in front of the engine.

We therefore concur with his Honor in the opinion that the plaintiff was not entitled to recover, because there was no evidence fit to be submitted to the jury tending to show negligence on the part of the defendant's engineer, and also because by the undisputed facts, considered in any phase presented by them, the intestate was negligent in failing to look and listen before he left the safe path between the tracks and stepped upon the main track, while the engineer was not negligent in acting on the belief that the intestate would stay where he was.

Affirmed.