### 7239

#### FREE v. SOUTHERN RY.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—THIS COURT IN CON-
SIDERING THE LAWS OF A FOREIGN STATE as applied to an injury
received in that State, but sued on here, can only consider the cases
introduced in evidence below in determining the law of the foreign
State, and under the cases of the State of North Carolina, introduced
in this case, a servant of a railroad company run over in its yards
on its track while engaged in his employment, under no disability,
is guilty of contributory negligence and the master is not liable.

Before WATTS, J., Spartanburg, December, 1907.
Affirmed.

Action by John Free, as administrator of Jules Free,
against Southern Railway. From judgment for defendant,
plaintiff appeals.

*Messrs. Wilson and Osborne,* for appellant, cite: *Would
Courts of North Carolina hold in this case there was only
one inference:* 130 N. C., 344; 105 N. C., 140; 113 N. C.,
550; 111 N. C., 236; 126 N. C., 634; 133 N. C., 610; 118
N. C., 1010; 117 N. C., 616; 137 N. C., 349; 136 N. C.,

3; 122 N. C., 987; 27 S. E. R., 27; 29 S. E. R., 953; 30 S. E. R.; 127; 39 S. E. R., 808; 41 S. E. R., 941; 52 S. E. R., 307, 932; 53 S. E. R., 513; 55 S. E. R., 103; 61 S. E. R., 621; 58 S. E. R., 599; 7 Ency., 432, 433. *As to contributory negligence:* 136 N. C., 3; 122 N. C., 987; 52 S. E. R., 932; 53 S. E. R., 513; 61 S. E. R., 621; 52 S. E. R., 307; 41 S. E. R., 941; *Kirby* v. *Ry.,* 63 S. C.; *Bamberg* v. *Ry.,* 72 S. C.; *Osteen* v. *Ry.,* 76 S. C. *As to proximate cause:* 41 S. E. R., 941; 52 S. E. R., 307.

*Messrs. Sanders & DePass,* contra, cite: *The law of North Carolina applies:* 27 S. C., 462; 66 S. C., 96; 41 L. R. A., 614. *In Courts of that State plaintiff could not recover:* 105 N. C., 140; 113 N. C., 550; 126 N. C., 634; 133 N. C., 610; 130 N. C., 344; 36 S. E. R., 118.

July 17, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is the second appeal herein (78 S. C., 57, 58 S. E., 952).

The action is under the statute of North Carolina (commonly known as Lord Campbell's Act), on account of the death of plaintiff's intestate, who was in the employment of the defendant, and was killed by one of its switch engines in the yards at Charlotte, N. C., while crossing one of its tracks.

The allegations of the complaint, material to the questions of negligence, are as follows:

·"That on the 20th day of September, 1904, Jules Free, plaintiff's intestate, was in the employment of defendant, acting as water-carrier for a force of track hands, working upon the tracks of the defendant company nearly opposite its station at Charlotte, N. C., whose duty it was to traverse said tracks to and fro, for the purpose of carrying said water and replenishing the bucket with ice and water. That while in the discharge of his duty on the morning of said

day he was struck by the switch engine of the defendant company, mutilated and killed.

"That the place of such killing was a short distance west of where the track of the defendant company crosses one of the chief streets of said city, and almost immediately in front of said station. That at the time said Jules Free was struck by said engine it was going at a very great and excessive speed under the circumstances of that location, to wit: between twenty and thirty miles an hour, and that a proper and legal speed, at said locality, would not have exceeded five miles an hour. That there was no one stationed at said point to warn said Jules Free of the approach of said engine, nor was anyone upon the pilot of said engine to prevent its injury to said Jules Free.

"That the death of said deceased was directly due to and caused by the negligence of the defendant, in the following respects:

(1) "In running said switch engine at such great and excessive rate of speed, under conditions there existing.

(2) "In not having some one stationed near the track or upon the pilot, to warn and protect said deceased against said rapidly advancing engine.

(3) "In not giving the said deceased adequate protection while in its said service, and in subjecting him to unnecessary danger, by reason of which his death was occasioned."

The defendant denied the allegations of negligence, and set up the defenses of assumption of risk and negligence on the part of plaintiff's intestate.

At the close of the testimony the defendant's attorneys made a motion for the direction of a verdict in favor of the defendant on the following grounds:

"That under the law of North Carolina—and this case must be governed by the law of North Carolina, because it happened there—that under the law of North Carolina it is not negligence for an engineer to be running along in a town or country or anywhere else at any given rate of

speed, and that if he sees one on the track, or approaching the track, he has a right to assume that that person will keep out of danger, and, therefore, having the right to so assume, it is not negligence to run along, without giving a signal or keeping a lookout. Even if the defendant was negligent in running at a rapid rate of speed, in failing to ring the bell, in failing to sound the whistle, and in failing to have anybody to look out there at all, admitting all that to be true, yet, under the law of North Carolina it is equally true when one steps on a track from a place of safety, or remains on a track when he has an opportunity of stepping off to a place of safety, he is guilty of contributory negligence. * * * "

The motion was granted, and the plaintiff appeals.

The question of negligence was dependent upon the laws of North Carolina, and in order to show what was the law of that State the defendant introduced in evidence the reports containing the following decisions: *McAdoo* v. *R. R.,* 105 N. C., 140, 11 S. E., 316; *Syme* v. *R. R.,* 113 N. C., 558, 18 S. E., 114; *Neal* v. *Ry.,* 126 N. C., 634, 36 S. E., 117; *Smith* v. *R. R.,* 130 N. C., 344; *Pharr* v. *R. R.,* 133 N. C., 610.

In the case of *McAdoo* v. *R. R.,* 105 N. C., 140, 11 S. E., 316, it was decided that "where the plaintiff, being in full possession of his senses, stood upon the track in a town till the defendant's engine ran against and injured him, and did not, according to his own evidence, know of its approach till he was knocked off the track, the jury properly found that he was negligent and would not have been warranted in finding that the defendant, by the use of ordinary care, could have avoided the injury" (syllabus).

In the case of *Syme* v. *R. R.,* 113 N. C., 558, 18 S. E., 114, the rule is thus stated: "Counsel for plaintiff did not contend that the intestate was deficient in any of his senses or wanting in physical power or mental faculties; and, if they had, there would have been no evidence to support the

contention. *A priori,* the engineer had no reason to think him other than a man possessed of all of the usual powers of mind and body, and was warranted in assuming that he would step off the track and avoid a collision, until it was too late to save him. *McAdoo* v. *Railroad Co.,* 105 N. C., 145, 11 S. E. R., 316; *High* v. *R. R.,* 112 N. C., 385, 17 S. E. R., 79. When a person is injured while walking on a railroad track by an engine that he might have seen by looking, the law, as a rule, imputes the injury to his own negligence. *Meredith* v. *Railroad Co.,* 108 N. C., 616, 13 S. E. R., 137; *Norwood* v. *Railroad Co.,* 111 N. C., 238, 16 S. E. R., 4. There being no testimony tending to bring this case within any exception to the general rule, we are of the opinion that there was no evidence of want of ordinary care on the part of the defendant, while, in any aspect of the case the plaintiff's intestate was negligent in getting upon the track in front of the engine without looking, and exposing his person to injury, when he might have seen that it was approaching and have avoided the collision by stepping off the track."

Mr. Justice Furches used the following language in the case of *Neal* v. *R. R.,* 126 N. C., 634, 36 S. E. R., 117: "If the plaintiff's intestate was walking upon defendant's road, in open daylight, on a straight piece of road, where he could have seen defendant's train for 150 yards, and was run over and injured, he was guilty of negligence. And although the defendant may have also been guilty of negligence in running its train at a greater rate of speed than was allowed by the town ordinance and in not keeping a lookout by its engineer as it should have done, yet the injury would be attributed to the negligence of plaintiff's intestate. It has been so held in *Meridith* v. *Railroad Co.,* 108 N. C., 616, 13 S. E. R., 137; *Norwood* v. *Railroad Co.,* 111 N. C., 236, 16 S. E. R., 4; *High* v. *Railroad Co.,* 112 N. C., 385, 17 S. E. R., 79. These cases hold that it is not negligence in a railroad company, where its train runs over a man walking

on the railroad track, apparently in possession of his faculties, and in the absence of any reason to suppose that he was not. This is put upon the ground that the engineer may reasonably suppose that the man will step off in time to prevent injury. In *McAdoo* v. *Railroad Co.,* 105 N. C., 140, 11 S. E. R., 316, this doctrine is expressly held; and it is further held in that case that, on account of plaintiff's negligence in standing on the road and allowing defendant's train to run over him, this was concurring negligence and prevented him from recovering damages. *McAdoo* v. *Railroad Co.* has been cited and approved on this point in *Syme* v. *Railroad Co.,* 113 N. C., 565, 18 S. E. R., 114, and in *Smith* v. *Railroad Co.,* 114 N. C., 744, 19 S. E. R., 863, 23 L. R. A., 287, and many other cases."

In the case of *Smith* v. *R. R.,* 130 N. C., 344, it was held, that "in an action against a railroad company for injury to an employee, it appearing that such employee was painting a switch target, within three feet of the rail, and was struck by a switch engine, the engineer of such engine had the right to assume that the person injured was in possession of all his faculties, and not being hampered by any obstructions that would prevent his instantaneous avoidance of danger, would step out of danger" (syllabus). The Court used this language: "The plaintiff labored under no infirmity. He was sober, intelligent, occupied a position where he could do his work with entire safety, if he would only keep watch for the passing trains. There was no obstruction of any sort to prevent him from seeing the engine which struck him, nor to prevent him stepping out of danger instantly. In *McAdoo* v. *Railroad Co.,* 105 N. C., 140, 11 S. E. R., 316, and *Meridith* v. *Same,* 108 N. C., 616, 13 S. E. R., 137, it was decided that an engineer, who sees a person walking along the track in front of a moving engine, may act upon the assumption that the person will step off of the track in time to avoid injury, if such person is unknown to him, and is apparently old enough to

understand the necessity for care and watchfulness. It seems to us that such an assumption was lawful on the part of the engineer in the present case. The fault then with his Honor's charge, as we see it, is that he allowed the jury to consider, under the first issue, the continuing of his work by the plaintiff as evidence that he was engrossed in his work, and on that account was inadvertent to the approaching of the train. The engineer, it appears to us, had the right to assume that the plaintiff, in possession of all of his faculties and not hampered by any obstructions that would have prevented his instantaneous avoidance of danger, would have stepped out of danger. It would be a difficult matter, indeed, for any important railroad system to carry on its business if each engineer of a switch engine is to stop his engine whenever he sees an employee continuing his work upon the approach of the engine, or the employee is to stop his work except for the second to step out of the way of the train."

The principle is thus stated in the case of *Pharr* v. *Ry.,* 133 N. C., 610: "It has been decided by this Court over and over again that a railroad company, through its locomotive engineer on a moving train during daytime, owes no duty to give signals to a pedestrian on its track who is apparently in possession of his faculties, and in the absence of any reason to suppose that he is not. And the reason is that the engineer may reasonably believe, and act upon the belief, that the walker on the track will get off in time to prevent being stricken. *McAdoo* v. *Railroad,* 105 N. C., 140; *Meredith* v. *Railroad,* 108 N. C., 616; *Norwood* v. *Railroad,* 11 N. C., 236; *High* v. *Railroad,* 112 N. C., 385; *Neal* v. *Railroad,* 126 N. C., 634, 49 L. R. A., 684; *Bessent* v. *Railroad,* 132 N. C., 934. In analogy to the decisions in the above cases, the rule has been laid down that where a person is seen by the engineer walking on a foot-path alongside of the track and out of danger, that it may, and will,

be presumed by the engineer that he will remain on the side path or step farther from the track when he sees the train. *Matthews* v. *Railroad,* 117 N. C., 640; *Markham* v. *Railroad,* 119 N. C., 715."

There are decisions rendered by that Court to the effect that a recovery may be had by a person who is on the track in an apparently helpless condition, and who was seen, or by the use of proper care could have been seen, by the engineer in time to prevent the collision.

This distinction is pointed out in the case of *Neal* v. *R. R.,* 126 N. C., 634, 36 S. E., 117, as follows: "We know that it has been held in many cases that a railroad company is liable for damages for carelessly and negligently running over and killing or injuring persons on its road, in which it appeared that the persons killed or injured were also guilty of negligence; and it may not be easy to distinguish some of these from the one under consideration. But there is a distinction, and a distinct line of decisions, as we have shown by the cases we have cited. The distinction does not seem to lie so much in the negligence of the parties, where both are guilty of negligence, as it does in the condition of the parties. And we think, upon examination, that it will be found that, where the company has been held liable it is in cases where the party injured was not upon equal opportunities with the defendant to avoid the injury, and in cases where there was something suggesting to the defendant the injured party's disadvantage or disability; as where the party injured is lying on the railroad track, apparently drunk or asleep, or on a bridge or trestle where he could not escape, or could not do so without great danger. In such cases, if the engineer saw the party injured, or by proper diligence should have seen him, the company is liable. It is such cases as these that the doctrine of proximate cause, or the 'last clear chance,' is called in to determine the liability."

These were the only decisions introduced in evidence as to the law of North Carolina, and they alone can be considered by this Court.

In the case of *B.. & L. Association* v. *Ebaugh,* 185 U. S., 144, the principle is thus stated: "No Court of a State is charged with knowledge of the. laws of another State; but such laws in that Court are matters of fact, which, like other facts, must be proved before they can be acted upon. This Court and the other Courts of the United States, when exercising their original jurisdiction, take notice, without proof of the laws of the several States of the United States; but in this Court, when acting under its appellate jurisdiction, whatever was matter of fact in the Court whose judgwent or decree is under review, is matter of fact here."

The foregoing cases sustain the ruling of his Honor, the presiding Judge, as to the motion to direct a verdict.

It is the judgment of this Court, that the judgment of the Circuit Cour be affirmed.