Gaston J.
 

 This action was originally instituted against John Campbell, but, sometime after he had pleaded thereto, the present defendant was by a rule of court made defendant in the place of said John. The declaration contained thirteen distinct .tracts, and the lessor of the plaintiff claimed title thereto under a purchase at execution sale against John Campbell and a conveyance of the sheriff in pursuance thereof. At the trial the plaintiff insisted that the said John, at the time this action was instituted, was in possession of all these tracts. He offered evidence to show that the said John cultivated parts of a fifty acre tract, and produced a diagram in which this and the other twelve tracts were exhibited as lying contiguous to each other, and proved by the surveyor, who made the diagram, that he had made it many years since by the direction of the said John, after he had purchased
 
 *483
 
 these tracts, and for the purpose of taking a deed therefor. No such deed, however, was exhibited nor any other evidence offered to show a possession by John Campbell of the 12 tracts. The defendant offered evidence to show, that while the said John thus cultivated the 50 acre tract he disclaimed any possession of the others. This testimony was rejected, and thq court upon this evidence left it as a question of fact to the jury, whether he had possession, when the suit was brought, of all the tracts, and the jury found that he had.
 

 - We are of opinion that there was error in rejecting the testimony offered by the defendant. The evidence toestab-' lish possession of the 12 tracts was exceedingly weak. The possession of a part under a claim to the whole is, indeed, when no adverse occupation is shown, possession of the whole. But the only testimony, tending to show that such possession was under a claim to the whole, was a diagram prepared upon a purchase not completed by a conveyance. Admit that this testimony had a tendency to connect the act of possession afterwards taken of one tract with a claim covering the other tracts, that act was nevertheless susceptible of a different explanation, and it seems to us that the declarations accompanying the act were pertinent to afford an explanation as to the extent of the claim then actually set up. The declarations were receivable in evidence not to establish the verity of any
 
 facts asserted
 
 therein, but as being either part of the fact or as characterising and illustrating the fact of possession. The very matter to be investigated was whether John Campbell then did or did not claim any of the tracts but that on which he had this
 
 pedis positio.
 
 A disclaimer of the others, while he held this possession, was of itself
 
 a fact
 
 having a direct bearing on the question — and it was proper to receive evidence of that fact. What
 
 effect
 
 the fact so testified, should have on the question under examination must be left to the sound judgment of the jury. They might regard the declaration as made with an intent to deceive, if there were circumstances which threw upon it just suspicion. They might deem it unworthy of attention, because in conflict with facts of a more decisive and satisfactory char
 
 *484
 
 acter. But it was fit to be heard by them, as . being apparently the spontaneous and natural expression of truth accompanying an act, the quality of which act they had to pass upon. It has been offered, on the part of the plaintiff, if the court should think there was error in rejecting this testimony, to accept a judgment here for the 50 acre tract only. But we have no discretion, as a court of error, to affirm in part and reverse in part an indivisible judgment. Although there be thirteen different tracts described in the declaration, the. plaintiff has but one judgment, and if that be erroneous, we are bound to reverse it. We do not notice the other except- ■ ions taken by the appellant except to say that, but for the one which we have particularly considered, we think that there would'have been
 
 little
 
 difficulty in affirming the judgment. But on account of that error the judgment must be reversed, and a new trial awarded.
 

 Per Curiam, New trial awarded.