CLARK and DOUGLAS, JJ., dissent.
The intestate was run over by defendant's train and killed while walking along on the railroad track in Charlotte. The defendant denied negligence, and pleaded contributory negligence. At the close of plaintiff's *Page 403 
evidence, the defendant demurred to plaintiff's evidence and moved for judgment of nonsuit, under act of 1897, ch. 109. (635)
His Honor intimated that plaintiff was not entitled to recover, and plaintiff in deference to said intimation submitted to a nonsuit and appealed.
This is an action to recover damages for the wrongful killing of Charles M. Coffin. The defendant does not deny the killing, but denies that it was caused by its default or negligence, and alleges that it was the result of the negligence of plaintiff's intestate.
The evidence of plaintiff showed that intestate was killed by the shifting engine on defendant's road, in the city of Charlotte; that this engine was running backward drawing a gondola car after it; that it was running at a high rate of speed in a westward direction, and intestate was walking on defendant's track, going in the same direction; that this train had come very near running over a team of mules at the street crossing, scaring the mules and making them unmanageable, and that the engineer and crew were watching the mules and laughing at the driver trying to manage them. The road was straight for 150 yards, and as the killing occurred in open daylight, the crew and engineer might have seen intestate, and intestate have seen the train for that distance. The intestate was walking on the defendant's track when he was knocked down by defendant's train, run over and killed. (636)
The plaintiff also offered in evidence an ordinance of the city forbidding trains to run at a greater speed than four miles an hour, while passing through the city, and requiring the bell to be rung. Plaintiff showed that this train was running at a high rate of speed, and greater than that allowed by the ordinance, and that no bell was being rung.
The plaintiff having offered evidence as to amount of damages, rested the case. Defendant offered no evidence, demurred to plaintiff's evidence, and moved to nonsuit plaintiff under chapter 109, Laws 1897.
After hearing argument of counsel and upon full consideration of the matter the court allowed defendant's motion, and assigned the following reasons therefor:
"First, That the evidence, if believed, showed the defendant guilty of negligence.
"Second, That the evidence being that offered by the plaintiff, and without contradiction, must, as to the plaintiff, be believed, and if believed it showed, and the conclusion could not be reasonably avoided, that the plaintiff's intestate by his own negligence contributed to cause the injury. *Page 404 
"Third, That while it might be found that notwithstanding the negligence of plaintiff's intestate, the defendant might, by ordinary care, have avoided the injury, the evidence, which as to the plaintiff, must be believed, clearly showed that notwithstanding defendant's negligence, the plaintiff's intestate by the exercise of ordinary care, might himself, up to the last moment, have avoided the injury. Therefore the negligence of plaintiff's intestate, if not the proximate cause, at least concurred with defendant's negligence, up to the last moment, in together constituting the proximate cause of the injury. The third issue therefore should be answered No, and the plaintiff is not entitled to recover (637) in the action. In deference to this intimation, the plaintiff having excepted, submitted to a nonsuit, and judgment was entered accordingly."
The plaintiff assigned the following grounds of error:
"1. That the court added at the end of the third issue tendered, the clause, `And if so, was defendant's failure to avoid the injury the proximate cause thereof?'
"2. The plaintiff assigns as error the ruling of his Honor sustaining the demurrer and dismissing the action.
"3. That the court in and by its said judgment dismissed the action."
The evidence was all introduced by the plaintiff — the defendant introduced none, and there is no exception as to the competency of any of the evidence.
The court finds from this evidence that the defendant was guilty of negligence; and while we think from the evidence, taken to be true, that it was guilty of negligence — as this negligence was shown by the evidence of the plaintiff — the court could not have found this issue against the defendant, if it had complained of and excepted to it, and brought it before us for review. It was the finding of an affirmative issue against the defendant upon the evidence of the plaintiff. Spruill v.Insurance Co., 120 N.C. 141; Bank v. School Commissioners, 121 N.C. 109;White v. R. R., ibid., 484. But this ruling is not before us for review. The defendant neither excepted nor appealed, and the plaintiff can not except to this finding because it is in his favor.
And it seems to us that there can be no doubt but what the intestate of the plaintiff was also guilty of negligence, if the evidence be true and every word of it believed. This issue is then not one that must be found by a jury, but one that may be found by the court. It does not present a question where reasonable men might put different (638) construction upon it, and come to the conclusion that the plaintiff's intestate was not guilty of negligence.
If plaintiff's intestate was walking upon defendant's road in open daylight, on a straight piece of road, where he could have seen defendant's *Page 405 
train for 150 yards, and was run over and injured, he was guilty of negligence. And although the defendant may have also been guilty of negligence in running its train at a greater rate of speed than was allowed by the town ordinance, or in not ringing its bell as required by said ordinance, and in not keeping a lookout by its engineer as it should have done, yet the injury would be attributed to the negligence of the plaintiff's intestate. It has been so held in Meredith v. R. R.,108 N.C. 616; Norwood v. R. R., 111 N.C. 236; High v. R. R.,112 N.C. 385. These cases hold that it is not negligence in a railroad company where its train runs over a man, walking on the railroad track, apparently in possession of his faculties, and in the absence of any reason to suppose that he was not. This is put upon the ground that the engineer may reasonably suppose that the man will step off in time to prevent injury. In McAdoo v. R. R., 105 N.C. 140, this doctrine is expressly held; and it is further held in that case that, on account of plaintiff's negligence in standing on the road and allowing defendant's train to run over him, that this was concurring negligence, and prevented him from recovering damages.McAdoo v. R. R. has been cited and approved on this point in Syme v. R. R.,113 N.C. 565, and in Smith v. R. R., 114 N.C. 744, and many other cases.
We know that it has been held in many cases that a railroad company is liable for damages for carelessly and negligently running over and killing or injuring persons on its road, on which it appeared that the persons killed or injured were also guilty of negligence; and it may not be easy to distinguish some of these from the one under consideration. But there is a distinction, and a distinct line of decisions, (639) as we have shown by the cases we have cited.
The distinction does not seem to lie so much in the negligence of the parties, where both are guilty of negligence, as it does in the condition of the parties. And we think upon examination that it will be found that where the company has been held liable, it is in cases where the party injured was not upon equal opportunities with the defendant to avoid the injury, and in cases where there was something suggesting to the defendant the injured party's disadvantage or disability — as where the party injured is lying on the railroad track apparently drunk, or asleep, or on a bridge or trestle where he could not escape or could not do so without great danger. In such cases, if the engineer saw the party injured, or by proper diligence should have seen him, the company is liable. It is in such cases as these that the doctrine of proximate cause, or the "last clear chance," is called in to determine the liability.
The doctrine of proximate cause — the "last clear chance" — is firmly established in this State, and we have no idea of abandoning or in any way disturbing it. We think the cases where it applies are distinct, *Page 406 
and distinguishable from this case whether we have succeeded in pointing out the distinction or not. Indeed, we do not understand the plaintiff to make this the principal ground upon which he rests his appeal and insists upon a new trial. Nor do we understand the plaintiff seriously to insist but what there is evidence tending to prove — if proving — that the plaintiff's intestate was guilty of negligence.
But it is contended that if the intestate was guilty of negligence, the defendant being also guilty of negligence, the intestate's negligence was what is termed contributory negligence, and that contributory (640) negligence is an affirmative issue and can not be found by the court. To sustain this position, a number of recent cases have been cited, among them Spruill v. Insurance Co. and Bank v. SchoolCommissioners, supra. In these cases, and quite a number of others, it was held that the court could not find an affirmative issue. This holding was entirely correct in those cases and in every other case where it has been held, so far as we remember. We do not wish to overrule or disturb this doctrine, as held in those cases; but to our minds this case is clearly distinguishable from them, as we hope to be able to show.
In those cases, and in all others, as we think, where this has been held, there was some doubtful or disputed fact to be found, dependent upon the weight or the credit of the evidence. In such cases the court can not find the facts, nor even intimate an opinion, without violating the statute of 1796 (Code, sec. 413). And if the court has done so in this case, the plaintiff is entitled to a new trial.
But the function of the jury is to find the facts — this must mean disputed facts — and must be exercised where there is evidence proving or tending to prove the facts disputed. If there is not, it is the duty of the court to say so, and withdraw this dispute — this issue — from the jury. This was conceded by the plaintiff, it being a negative finding of the issue. But the plaintiff contends that to find the intestate guilty of negligence was an affirmative finding, and one the court could not find. This is logically and legally true if the court had to find any disputed fact, where there was any evidence showing or tending to show the negative of the issue, or if it was necessary that he should pass upon the weight or credit of the evidence. Where this is the case, the usual rule is to submit the issue to the jury, with the instruction that, if they believe the evidence, they will find the issue yes or no as the case (641) may be. This is usually a good rule, and in many cases saves an appeal to this Court. But the court could not do that in this case without impeaching the plaintiff's witnesses. All the evidence was offered by the plaintiff and the defendant had demurred to it. This was an admission by the defendant that the evidence was true. The plaintiff by offering the evidence had vouched for its credit. He could *Page 407 
not impeach its credit. As to the plaintiff, it stood unimpeached and unimpeachable. It is true that if the plaintiff offered other evidence tending to show the facts different, then it would have become a matter for the jury as to which witness they would believe. But both witnesses stand alike credited so far as the plaintiff or the party introducing them is concerned. If this evidence, or any part of it, had been introduced by the defendant, it would have been the duty of the court to submit it to the jury, because the plaintiff would not have been bound to give credit to the defendant's witnesses, and the defendant could not give them credit by demurring to their evidence.
But when the defendant demurred to the plaintiff's evidence, and but one construction can reasonably be drawn from it, that is, it could not reasonably mean different things, we can not see why it did not become a question of law, as much so as if the facts stated in the evidence had been agreed to as the facts in the case. And if this is so, it certainly became a question of law for the court.
This view of the case is sustained by Williams v. Telephone Co.,116 N.C. 558; Hinshaw v. R. R., 118 N.C. 1047; Ice Co. v. R. R.,122 N.C. 881; White v. R. R., 121 N.C. 484, and we do not think it will be found to conflict with any opinion of this Court. A number of cases may be found (some of which we have cited) in which it is said that the Court can not find an affirmative issue; and this is true in those cases, and in all cases where the court would have to find (642)the facts to establish an affirmative issue. But in this case, the court finds no facts. They are admitted by the demurrer of the defendant to the plaintiff's testimony. This being so, and the plaintiff's evidence clearly establishing the intestate's negligence, which was the con- currentcause of the injury, the plaintiff can not recover, without overruling the authorities we have cited, and many others not cited.
The doctrine of proximate cause and "the last clear chance" is not involved in this case. It falls under the doctrine announced in McAdoo v.R. R., supra, and that line of cases.
Taking the view of the case we do, the judgment of the court below must be
Affirmed.
Cited: Ice Co. v. R. R., post, 802; Moore v. Cohen, 128 N.C. 345;Coley v. R. R., ibid., 543; McCall v. R. R., 129 N.C. 301; Lea v. R. R.,ibid., 463, 464; Johnson v. R. R., 130 N.C. 489; Bessent v. R. R.,132 N.C. 937, 943; Lassiter v. R. R., 133 N.C. 249; Pharr v. R. R.,ibid., 611, 614; Morrow v. R. R., 134 N.C. 99; Stewart v. R. R.,136 N.C. 389; Ruffin v. R. R., 142 N.C. 127; Hollingsworth v.Skelding, ibid., 252; Beach v. R. R., 148 N.C. 159, 160; Exum v.R. R., 154 N.C. 411, 413; Cabe v. R. R., 155 N.C. 424;Horton v. R. R., 157 N.C. 150; Patterson v. Power Co.,160 N.C. 580; Talley v. R. R., 163 N.C. 573; Ward v. R.R., 167 N.C. 155; Penninger v. R. R., 170 N.C. 474; Davis v. R. R.,ibid., 587; Horne v. R. R., ibid., 660.
(662)