I. H. LUTTERLOH, ADMINISTRATOR, ETC., v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 4 October, 1916.)

**1. Railroads—Flying Switches—Ordinances—Negligence per se.**

It is negligence *per se* for the employees on a railroad train to make a flying switch along the streets of populous towns or at public or much frequented crossings, and especially in violation of a town ordinance prohibiting it.

**2. Same—Pedestrians—Look and Listen—Contributory Negligence—Trials— Evidence—Questions for Jury.**

   While one who is undertaking to cross a railroad track is ordinarily required to look and listen and to take note of conditions which are likely to cause·him injury in doing so, the facts and attendant circumstances may so qualify this obligation that the question of contributory negligence must be submitted to the jury; and where the plaintiff's intestate was injured by the defendant company in making a flying switch in a town in violation of an ordinance, there is evidence tending to show that the intestate, while attempting to avoid the locomotive, was struck by the switched cars following without warning on another track which he could have observed by looking, but which did not leave the main track more than five seconds before the collision, it is *Held*, that defendant's motion to nonsuit, or instructions tendered by it that the plaintiff could not recover, were properly denied and refused.

CIVIL ACTION to recover damages ·for alleged negligent killing of plaintiff's intestate as he was endeavoring to cross the defendant railroad in the town of Sanford, N. C., tried before *Lyon, J.*, and a jury, at March Term, 1916, of LEE.

There was denial of liability and plea of contributory negligence, and on the trial the jury rendered the following verdict:

1. Is the plaintiff the duly appointed administrator of his alleged intestate? Answer: "Yes."

2. Did the defendant negligently kill the plaintiff's intestate, as alleged in the complaint? Answer: "Yes."

3. Did the plaintiff's intestate, by his own negligence, contribute to his death? Answer: "No."

4. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: "$1,878."

Judgment on verdict for plaintiff, and defendant appealed, assigning for error chiefly a denial of defendant's motion to nonsuit and a refusal to charge that on the testimony, if believed, intestate was guilty of contributory negligence.

*H. A. London & Son and Williams & Williams for plaintiff.*
*Hoyle & Hoyle and Rose & Rose for defendant.*

HOKE, J.  There were facts in evidence tending to show that in May, 1914, the intestate of plaintiff was endeavoring to go across the railroad track of defendant company in the town of Sanford, when he was run over and killed by some freight cars which had just been detached from the engine in making a flying switch and were coming down a side-track close behind the engine, which was running on the main line; that the occurrence took place in a thickly settled portion of the town of Sanford; that the path crossed the track in a diagonal direction and was and had long been much used by pedestrians crossing the track in that

part of the town and by numbers of employees of a manufacturing plant in that locality near the track; that as intestate was going along this diagonal path towards the main line the engine and cars came down the track, the engine on the main line at the rate of. 20 to 25 miles an hour and making a noise "puffing and blowing," and the cars close behind on a side-track, at 15 or 20 miles an hour, approaching rather from the side or rear of intestate, and, as the latter stepped back to avoid injury from the engine, he was run over and killed, as stated, by the detached cars; that these cars had just been switched off and commenced leaving the main line at the switch of the "warehouse track," about 170 feet back, and might have been seen by intestate if he had looked at the time in that direction. An ordinance of the town of Sanford was also put in evidence which prohibited the making of these flying switches within the town, and the evidence on the part of plaintiff tended further to show that there was no one on the detached cars and that no signal whatever was given of their approach until after or just at the time intestate was struck.

Upon these, the facts chiefly relevant, we are of opinion that his Honor properly denied the motion to nonsuit and refused to charge as requested on the question of contributory negligence.

It is established with us by repeated decisions that it is negligence *per se* to make one of these flying switches along the streets of populous towns or at public or much frequented crossings. *Johnson v. R. R.,* 163 N. C., 431; *Farris v. R. R.,* 151 N. C., pp. 483-487; *Vaden v. R. R.,* 150 N. C., 701; *Wilson v. R. R.,* 142 N. C., 333. A position emphasized in this case by the existence of a town ordinance expressly forbidding it. *Paul v. R. R.,* 170 N. C., 230.

The negligence of the defendant company being clearly established, we have also held in numerous cases that although one who is undertaking to cross a railroad track is required to look and listen and to take note of conditions which are likely to cause injury, the facts and attendant circumstances may so qualify this obligation that the question of contributory negligence must be submitted to the jury. *Johnson case, supra; Farris case, supra; Fann v. R. R.,* 155 N. C., 136; *Morrow v. R. R.,* 146 N. C., 14; *Sherrill v. R. R.,* 140 N. C., 252.

Under conditions presented by this evidence, the intestate, endeavoring to cross the track by the usual and much frequented way, was not required to anticipate that the employees of defendant company, in breach of a recognized duty and in violation of a municipal ordinance, would detach cars onto this side-track and thus suddenly and without warning create a condition of deadly peril. At the rate these cars were moving, they did not commence to leave the main line more than five seconds in time before the collision, and, under existent circumstances, it was less than that before their departure from the main line could

have been reasonably noted by intestate. As said by *Agnew, J.,* in *Rodrian's case,* a statement stated with approval in *Sherrill's case* and others, "Although one approaching a railway crossing is required to look and listen, it does not always follow, as a rule of law, that one is remediless because he did not look at the precise time and place when and where looking would have been of the most advantage."

On the facts of this case, and under the principles sustained by these authorities, there was no error, certainly to defendant's prejudice, in submitting the question of contributory negligence to the jury, and the judgment is therefore affirmed.

No error.