GASTON WYNE v. ATLANTIC COAST LINE RAILROAD COMPANY AND
HINES, DIRECTOR GENERAL.

(Filed 26 October, 1921.)

**1. Railroads—Employer and Employee—Master and Servant—Personal
Injury—Negligence—Evidence.**

Where there is evidence that the plaintiff was injured while discharging
his duties to the defendant railroad company, in carrying freight from its
train to a depot platform by a passenger train running between another
passenger train, discharging passengers at the depot, contrary to the
rules of the company, and coming up, without signal or other warning,
where the plaintiff's view was obstructed, and under noisy surroundings,
which tended to prevent the plaintiff's hearing its approach, it is sufficient
to be submitted to the jury upon the issue of defendant's actionable
negligence.

**2. Same—Contributory Negligence.**

Where an employee on a freight train engaged in his duties as such,
under the immediate direction of his superior, has been injured by a colli-
sion with the defendant's passenger train under evidence tending to show
that the negligence of the defendant proximately caused the injury com-
plained of, the question of the plaintiff's contributory negligence is one
for the jury, upon the issue, and a motion to nonsuit should not be granted
upon that ground alone.

**3. Same—Questions for Jury—Trials.**

The principle that requires one, before entering on a railroad track, to
look and listen for approaching trains may be so qualified by the facts and
circumstances of the particular case, when the defendant's negligence has
been shown, as to require the question to be submitted to the jury upon
the issue of contributory negligence, especially where the plaintiff, an
employee, at the time was acting within the scope of his duty to the de-
fendant, under the immediate order of his superior.

**4. Evidence—Nonsuit—Contributory Negligence—Questions for Jury—
Measure of Damages.**

Both under our statute and the Federal law, an employee of a railroad
company is not barred of his recovery for damages from a personal injury
negligently inflicted on him, because of his contributory negligence, such
being considered only upon the *quantum* of damages he may recover, when
the defendant's negligence has been properly established; and a motion
for nonsuit in defendant's behalf may not be granted.

**5. Statutes— Federal Law— Controlling Decisions — Parties — Director
General—Verdict Set Aside.**

The decision of the Supreme Court of the United States controls in the
interpretation of Federal laws, and, thereunder, an action against a rail-
road and the Director General to recover for a personal injury inflicted
upon an employee of a railroad, under Government operation, improperly
joins the railroad company, and the action as to it will be set aside on
appeal.

**6. Judgments—Courts—Law and Equity—Parties— Railroads— Director General—Dismissal of Action—Affirmance—Appeal and Error.**

Under our present code of civil procedure, administering both principles of law and equity in the same court, with express statutory provision that judgment may be given for or against several plaintiffs or defendants in the same action, determining the ultimate rights of all parties between themselves, leaving the action to be proceeded with whenever a several judgment is proper, it is *held* that where an action is properly brought against the Director General of Railroads, under Government management, and against the railroad company, and a judgment has been obtained against both, the setting aside on appeal of the judgment against the railroad company and affirming it as to the Director General does not necessarily prejudice any of the rights of the latter, especially does it not do so when it appears that separate issues have been submitted as to each, and answered adversely to each of them by the jury.

**7. Appeal and Error—Presumptions—Railroads—Director General—Dismissal as to One Party—Prejudice—Judgments.**

The presumption on appeal to the Supreme Court is against error committed in the Superior Court, and it is accordingly *held* in this case that a judgment against the Director General of Railroads and a railroad under Government control at the time of the negligence alleged in the action must be dismissed *as to the railroad company and affirmed as to the* Director General of Railroads.

APPEAL by defendants from *Daniels, J.,* at the February Term, 1921, of CUMBERLAND.

Civil action to recover damages for personal injuries, caused by alleged negligence of defendants, while plaintiff was engaged at his work as brakeman on a freight train on road of defendant company and while same was being operated by the government of United States under the supervision and control of W. D. Hines, Director General. A motion to dismiss the action as to the railroad corporation was overruled and defendant company excepted. There was denial of liability and plea of contributory negligence by defendant, and on evidence offered the jury rendered the following verdict.:

"1. At the time the cause of action alleged in the complaint arose, was the possession, operation and control of the Atlantic Coast Line Railroad Company exercised by the Director General of Railroads under the proclamation of the President of the United States? Answer: Yes.

"2. Was plaintiff injured by the negligence of the agents, servants or employees of Federal Administration, acting through the Director General of Railroads? Answer: Yes.

"3. Was plaintiff injured by the negligence of the defendant Atlantic Coast Line Railroad Company? Answer: Yes.

"4. Did the plaintiff by his own negligence contribute to his injury? Answer: No.

"5. What damage, if any, is plaintiff entitled to recover?   Answer: $6,000."

. Judgment on verdict for plaintiff, and defendant appealed, assigning error.

*Sinclair & Dye for plaintiff.*
*Rose & Rose for defendant.*

HOKE, J.   The facts in evidence tended to show that on 15 June, 1918, plaintiff was employed and working as a brakeman on a freight train on defendant road, and while engaged in carrying freight from his train, then on the ground at Kenly, N. C., to the station warehouse of the defendant road, was run over by a passenger train on the road going south and received painful and protracted physical injuries "to his great damage," etc.   That at the time and place of his injury the freight train on which plaintiff was working was on a pass track of defendant company lying to the east and between that and the company station and freight depot, on the west there were two main line tracks and a station or warehouse track lying next to the buildings.   That the passenger train going north was at the time on the yard on the main line track lying next to the freight train, and there was evidence permitting the inference that the train was then engaged in receiving and discharging passengers; that on the warehouse track and to the north there were freight cars standing, and which to a great extent obstructed the view in that direction.   That when plaintiff had placed a load of freight on the platform of the warehouse and under the direction of his conductor was going back across the track to couple up his train, the passenger train of defendant going south came on the yard and struck plaintiff, knocking him down and dragging him some distance, causing the injuries complained of; that the train came without signal or warning of any kind and was in violation of a special rule of the defendant put in evidence to the effect "that trains must use caution in passing a train receiving or discharging passengers at a station, and must not pass between it and the platform at which passengers are being received or discharged."   It was further shown that in crossing the track plaintiff passed just in front of No. 80, the passenger train going north, and that the noise of the train was such as to prevent or very much interfere with hearing the approach of the incoming train.   It is stated also as an admission of record that the Atlantic Coast Line Railroad at the time was being operated by the Federal Administration.   On this a sufficient statement to a proper apprehension of the question presented, the motion of nonsuit, in our opinion, was properly overruled, it appearing that a south bound train without any warning ran in on a main line of the

company's track where divers persons were not unlikely to be at the time, and this, too, in violation of a rule of the company "that no train should run into a station yard between the station and a train engaged at the time in receiving or discharging passengers." Both were breaches of a duty very likely to result in harm and leading directly to the plaintiff's injury. And as to the conduct of the plaintiff, usually considered on the issues as to contributory negligence, in *Sherrill v. R. R.,* 140 N. C., 252, it was held that "while one who enters on a railroad track is required to look and listen for trains that may be approaching, when negligence of the defendant has been established, the facts and attendant circumstances may so qualify the obligation as to require that the question of contributory negligence should be left to the jury," a position that is particularly insistent when one is upon the railroad track in the line of his duty, and in this instance acting under the immediate direction of his conductor. The position so stated has been again and again approved in our decisions. *Lutterloh v. R. R.,* 172 N. C., 118; *Penninger v. R. R.,* 170 N. C., 475; *Johnson v. R. R.,* 163 N. C., 431; *Fann v. R. R.,* 155 N. C., 136; *Inman v. R. R.,* 149 N. C., 126; *Wolfe v. R. R.,* 154 N. C., 569. Under these authorities and the principle they uphold and illustrate, it is clear, we think, that the question of contributory negligence should be referred to the jury, it appearing that plaintiff in the line of his duty and acting at this time under the immediate orders of the conductor, was endeavoring to cross the track; that his view as he approached was shut off to a great extent by box cars standing on the warehouse track; that the incoming train ran into the yard without signal or warning of any kind, and the noise of the passenger train on the other track was such as to prevent taking note of the incoming train. A full discussion of the question, citing most of the authorities on the subject in our own court to the time were approved in *Fann's case, supra,* and the decision in *Wolfe v. R. R., Inman v. R. R.,* are especially pertinent to the facts appearing in the present record. Even if contributory negligence should have been made to appear, both under Federal and State law, it would not avail defendant on motion for nonsuit, the only exception urged before us on the general question of liability. It has been held, in several of our cases construing the Federal Statutes under which the government had taken over this and other roads, that both the Director General and the railroad corporation are liable for an injury under the circumstances presented in the record, and his Honor below in accord with these cases very properly entered judgment against both defendants. Since this case was tried the Supreme Court of the United States, the final authority on the interpretation of Federal law, has held that under the Federal statutes applicable and the various orders of those in control of the roads thereunder, particularly

General Order No. 50, judgment could not be properly had against the corporation. *Missouri Pacific Railroad Co. v. Ault,* 68 L. Ed., Current Supreme Court advance opinions, 647. In deference to this authoritative ruling, we must direct that the judgment against the Atlantic Coast Line be set aside, but we do not approve the position further insisted on that, for this reason, the entire judgment must be nullified. We were referred to several of the older decisions of our court to the effect that "a judgment is to be regarded as an entirety, and that it cannot be affirmed as to one or more defendants and reversed as to the others," citing *Davis v. Campbell,* 23 N. C., 482, etc. But if that and other like decisions could be considered as applicable to the facts of the record under the former law, they do not prevail under our present system of procedure, wherein the same court administers principles of both law and equity, and further there is express statutory provisions "That a judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side, as between themselves and in an action against several defendants the court may, in its discretion, enter judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." C. S., sec. 602, sub-secs. 1 and 3, and further, see section 1412: "In any case the court may render such sentence, judgment and decree as on inspection of the whole record it shall appear to them ought in law to be rendered thereon." There is, therefore, no objection as a conclusion of law to the entry of several judgment against one of the defendants while the other has been relieved, unless it appears that the liability of the codefendants are mutually dependent the one upon the other, or that the rights of the defendant who is held has been in some way prejudiced by the presence of the other in the trial of the cause. There is, however, a presumption against error, and not only does it not appear that the rights of the Director General have been prejudiced by the presence of the corporation, but a perusal of the record will disclose that on the facts in evidence the question of liability was determined by the jury on a separate issue and entirely as between plaintiff and the Director General in the present control and management of the road, and the liability of the corporation also on a separate issue was ruled by the court as a conclusion of law from the verdict against the Director General. The trial as to him, therefore, could in no way have been prejudiced by the presence of the corporation, nor is there any reason in law or fact why, under our present system, a several judgment may not be upheld. The admission of the rule as to the approaching of an incoming train alleged to have been violated, was not objected to nor does it appear as an assignment of error, and is evidently

17—182

a rule under which the road is being presently operated. In this aspect of the matter the request of the plaintiff to a several judgment is fully upheld in _Kimbrough v. R. R., ante,_ 234.

For the reasons stated, the judgment against the Atlantic Coast Line Railroad will be set aside and action dismissed and the judgment against the Director General is affirmed.

Modified and affirmed.