G. C. LAPISH v. DIRECTOR GENERAL OF RAILROADS ET AL.

(Filed 14 December, 1921.)

**1. Evidence—Negligence—Contributory Negligence—Nonsuit—Trials.**

Where defendant's negligence is the ground alleged for plaintiff's damage to recover for a personal injury, contributory negligence being a matter of defense, cannot be considered upon a motion as of nonsuit upon the evidence.

**2. Same—Railroads—Signals—Warnings—Public Crossings.**

Evidence that the defendant's train came around a sharp curve without signal or warning while plaintiff was attempting to go around defendant's other train on a different track at a public crossing, and that plaintiff had looked and listened for the train that injured him, but was prevented from hearing its approach by the negligence of the defendant's employee on the train, to give proper warnings, is sufficient to take the case to the jury upon a motion as of nonsuit upon the evidence.

WALKER, J., concurring.

APPEAL by defendants from *Bryson, J.*, at the May Term, 1921, of IREDELL.

38—182

This is an action for personal injuries sustained by the plaintiff when struck by the engine of the Southern Railroad Company, 24 December, 1919, while that company was being operated by the Director General of Railroads.

The plaintiff had left the plant of the Statesville Furniture Company in Statesville about 4:30 p. m. that day on his way to his home in the city, and was going along a path which crossed the railroad track near the station. This path was used by the public generally, there being evidence that about 200 people crossed the track at that point on that afternoon. The railroad track from Charlotte at that point makes a very short curve. The plaintiff, 66 years of age, stepped on the track and walked along the same for a short distance to go around the train which obstructed his crossing, when he was struck from behind by the engine, knocking him from the path, and received serious bodily injury.

There was motion for judgment as of nonsuit, which was overruled, and at the close of the defendant's evidence this motion was renewed and again refused. This is the sole exception presented by the appeal.

*John A. Scott, Jr., and Dorman Thompson for plaintiff.*
*L. C. Caldwell for defendants.*

CLARK, C. J. On a motion of nonsuit in an action for negligence, contributory negligence, being a matter of defense, is not to be considered. *Whitesides v. R. R.,* 128 N. C., 229, which has been cited, as authority that on evidence such as in this the case should be submitted to the jury. *Holman v. R. R.,* 159 N. C., 46; *Shepherd v. R. R.,* 163 N. C., 521.

According to the plaintiff's testimony, he was seeking to cross the railroad track on his way home from his place of work. He turned up the track to get around a work train on the main or Asheville track, which was blocking his passage. He says he looked around and saw no train on the other or Charlotte track, and stepped upon that, as he saw no train on it and heard no signal or blow; that while on the track for the purpose of going around the standing train he was struck from behind by an approaching train on the other track from Charlotte, which came around a sharp curve, without blowing the whistle or giving other warning, and which was 20 minutes late, and was knocked unconscious. His legs were crippled, and one leg cut half in two; his collar bone was broken, his head was injured, and he was in the hospital several weeks. Witness further stated that he helped build the Statesville Furniture Factory 20 years ago, and has worked there ever since it was built; these railroad tracks were there then, and there was a street across the track, but vehicles do not cross it now, it being used only by pedestrians. He

says further, that in going around the train upon the other track he looked back in the direction from which this Charlotte train came and stepped up near the track; that if the train had blown he would have heard it.

The above, in brief, is the substance of the testimony. The plaintiff says there was no signal given or whistle blown. The engineer says there was, and the jury found in accordance with the plaintiff's testimony. The court, at the close of all the evidence, denied the motion for a non-suit. This was simply a question of fact, and as the evidence on such a state of facts tending to show contributory negligence cannot be considered on such motion, the judgment refusing the motion to nonsuit must be

Affirmed.

WALKER, J., concurring: This case does not present the question so often decided by this Court as to the liability of a railroad company for an injury to a trespasser walking on its tracks, when its engineer has the right to suppose that he will leave the track even up to the last moment when it is too late to save him from injury, the latter, if it occurs, being imputed to his own negligence. Here the plaintiff was walking along the public road and was diverted from his course because his way was blocked by one of defendant's trains. He, therefore, went around the train to get into the street or road again, and had to use the track of defendant in doing so, having looked and listened for trains before entering upon the track and seeing none. The defendant's engine approached him suddenly and without warning, and under circumstances and surroundings requiring notice of its approach to be given. He was not, therefore, a mere trespasser or licensee, but was acting in the exercise of his legal right, and his conduct being induced by the wrongful act of the defendant. The doctrine as to trespassers or licensees on railroad tracks is too well settled to be disturbed, and this decision, as I understand, is not intended to do so, as appears from the Court's opinion. See *Neal v. R. R.,* 126 N. C., 634 (*S. c.,* 128 N. C., 143); *McAdoo v. R. R.,* 105 N. C., 140; *High v. R. R.,* 112 N. C., 385; *Ward v. R. R.,* 161 N. C., 179. These and many other cases have established this doctrine firmly, and placed it beyond any possibility of controversy.

The case was virtually resolved into an issue of fact, both as to negligence and contributory negligence, there being evidence as to both questions. The charge of the court was free from any substantial error, and there is no ground for a reversal. The jury found both issues in favor of the plaintiff, and his right to the judgment has not been successfully assailed.