Civil action to recover damages for alleged negligent killing of plaintiff's intestate. The facts in evidence tended to show that on the *Page 148 
morning of 11 January, 1921, about 10 o'clock, plaintiff's intestate, while walking along defendant's railroad track, several hundred feet beyond a crossing, was run over and killed by a train of defendant company, operated at the time by Vernon Rogers, a codefendant. There was evidence on part of plaintiff to the effect that the customary signals for the crossing of the public county road were not given, and also that the motorman at the time was not properly attentive to the conditions of the track ahead of his train.
There was much evidence on part of defendants in denial of this testimony of plaintiff and tending to show that the motorman was alert and attentive to his duties at the time, and that full crossing signals were given. But the jury have decided this against the defendant, and for the purposes of the disposition the Court makes of the case, plaintiff's evidence in this respect, in any event, must be accepted as true.
On denial of liability and plea of contributory negligence, etc., there was verdict for plaintiff assessing her damages, and defendants excepted and appealed, assigning errors, among others (1) the refusal of their motion to nonsuit; (2) the refusal to give defendants' prayer for instructions that if the jury should find the facts to be as testified to by witnesses, viewed in the light most favorable to plaintiff, they should answer the issues tending to fix liability for defendants, applying the prayer in terms to each of the said issues.
The decisions in this State have been very insistent upon the principle that a pedestrian voluntarily using a live railroad track as a walk-way for his own convenience is required at all times to look and to listen, and to take note of dangers that naturally threaten and which such action on his part would have disclosed, and if in breach of this duty and by reason of it he fails to avoid a train moving along the track and is run upon and killed or injured, his default will be imputed to him for contributory negligence and recovery is ordinarily barred. Wyrick v. R. R., 172 N.C. 549;Ward v. R. R., 167 N.C. 148; Exum v. R. R., 154 N.C. 413; Beach v.R. R., 148 N.C. 153; Neal v. R. R., 126 N.C. 634; High v. R. R.,112 N.C. 385; McAdoo v. R. R., 105 N.C. 140, etc.
In Wyrick's case, supra, it was said: "The intestate of the plaintiff was a school girl on her way to school with other girls on a dirt road alongside the defendant's right of way and, seeing the train approach, went upon the track in an intervening cut. The other children climbed *Page 149 
the side of the cut and avoided injury; but the intestate, while leaving the track for a place of safety, where there was sufficient room for the train to pass, caught her foot in a switch rod, and was struck by the locomotive and killed: Held, a motion as of nonsuit upon the evidence should have been allowed, upon the principle that the employees on defendant's train had the right to assume, up to the last moment, that the intestate, in full possession of her faculties, would leave the track and avoid the injury. In this case there was no evidence that the engineer was negligent or that he could have avoided the injury after seeing the intestate's peril."
In Neal's case it was said: "If plaintiff's intestate was walking upon defendant's road in open daylight on a straight piece of road where he could have seen defendant's train for 150 yards, and was run over and injured, he was guilty of negligence. And although the defendant may have also been guilty of negligence in running its train at a greater rate of speed than was allowed by the town ordinance, or in not ringing its bell as required by said ordinance, and in not keeping a lookout by its engineer as it should have done, yet the injury would be attributed to the negligence of the plaintiff's intestate."
In Exum's case, supra, it was said in the concurring opinion: "If it be conceded that the defendant in this case was negligent, I concur in the decision, for the reason that, accepting all of plaintiff's evidence as true, and taking every permissible inference arising on the entire testimony and which makes for his claim as established, it appears that when he was killed the intestate was voluntarily walking along the main line of defendant's track, at a time and place where a train might be expected any moment, in broad daylight, in the full possession of his faculties, and with nothing to restrain or hinder his movements, without paying the slightest attention either to his placing or surroundings. There is nothing, therefore, to qualify the obligation that was upon him to be careful of his own safety, and, to my mind, it presents a typical case of contributory negligence, negligence concurring at the very time of the impact, and recovery by plaintiff is therefore properly denied."
The position is modified in proper instances where the injury occurs at a crossing of a public road, and where the mutual rights and duties of the parties are at times of differing nature. Johnson v. R. R., 163 N.C. 431;Cooper v. R. R., 140 N.C. 209. And to this class of decisions may be referred the case of Lapish v. Director General, 182 N.C. 593. The plaintiff, when injured, was not voluntarily using the track for a walk-way, but, approaching the railroad at a public crossing and finding his way blocked by a train of defendant company, in the endeavor to walk around this obstruction he was momentarily upon the track and was run on and hit by another train coming around a sharp *Page 150 
curve without warning of any kind. As said in the concurring opinion ofWalker, J., "Defendant's engine approached him suddenly, and without warning, and under circumstances and surroundings requiring notice of its approach to be given. He was not therefore a mere trespasser or licensee, but acting in the exercise of his legal right."
Another qualification is presented when one is required to be on or upon the track in the line of his duties, particularly when being performed for the company. In such case and in exceptional instances the question of contributory negligence may be for the jury. See Sherrill v. R. R.,140 N.C. 252, cited and approved in numerous cases since, as in Wynev. R. R., 182 N.C. 253; Perry v. R. R., 180 N.C. 290;Elliott v. Furnace Co., 179 N.C. 145; Goff v. R. R.,179 N.C. 221, etc.
And so, in Morrow v. R. R., 147 N.C. 623, where a pedestrian was using the track as a walk-way in the city of Hickory, at a place where it was customary so to use the track, and was run on by the company's engine in the night-time, and injured, there was evidence tending to show that the engine in question had no lights and had given no signal warning of any kind, it was held that the question of contributory negligence was for the jury. Approved in principle in Norris v. R. R., 152 N.C. 512. In those and other like decisions the pedestrian by default of the company was in a position where "to look and to listen," the ordinary way that the average man avoids the danger in such instances was not likely to avail him, and the cases were therefore excepted from the general principle.
Again, in Tally's case, 163 N.C. 581, the intestate was killed while using as a walk-way the side-track at Pelham, N.C. a station of the Southern Railway. It was proved among other things that it was the schedule time for the arrival of the passenger train and awaiting passengers were standing on this side-track purposed to take the incoming train. It was shown further that this passenger train had not once in seven years approached the station on this side-track, a fact known to intestate, but on this occasion some one without authority had changed the switch, which suddenly and unexpectedly threw the incoming train on this side-track, and intestate, a local resident, as stated, using said track just above the station was run over and killed. The company was held for negligence because the engineer if properly attentive should have noted the change by the signal lights at the switch, and under these exceptional circumstances it was held that the question of contributory negligence was for the jury. In that case the Court was of opinion that on the facts presented this side-track could in no proper sense be considered as a live track within the meaning of the principle, which carried a recovery as a conclusion of law. *Page 151 
But none of these excepted cases will serve to support the present suit, wherein it appears that plaintiff, an alert and vigorous man, was, at the time and for his own convenience, using a track of defendant company as a walk-way at ten o'clock in the morning, with nothing whatever to obstruct his view, and on which a train of defendant might at any time be reasonably expected. In such case the claim comes directly within the decisions cited in support of the position generally prevailing, notably that of Exum'scase, and wherein it was said: "There is nothing to qualify the obligation that was upon him to be careful for his own safety, and presents a typical case of contributory negligence, negligence concurring at the very time of the impact."
Nor is there any evidence calling for or permitting the application of the doctrine of the "last clear chance," an issue that has been found for the plaintiff. That is a principle fully recognized in this jurisdiction, but in order to its proper application it must appear that the claimant, in a case of this kind, originally guilty of contributory negligence in going on the track, is down and helpless, or apparently in such a position of peril that ordinary effort on his part will not avail to save him. If defendant's agents operating a train saw, or by the exercise of proper care could have seen and noted, the claimant's position, and negligently failed in the exercise of reasonable care to do what was required under conditions presented to avert the injury, in such case this last breach of duty will be regarded as the sole proximate cause of the injury, and the original negligence of the claimant in going on the track will not be allowed to affect the result. Snipes v. Mfg. Co., 152 N.C. 44, 46, 47, citing the cases of Sawyer v. R. R., 145 N.C. 24 and 27; Clark v. R. R.,109 N.C. 443-444; Bullock v. R. R., 105 N.C. 180.
In Sawyer's case the principle applicable is stated as follows: "A negligent act of the plaintiff does not become contributory unless the proximate cause of the injury, and, although the plaintiff, in going on the track, may have been negligent, when he was struck down and rendered unconscious by a bolt of lightning, his conduct as to what transpired after that time was no longer a factor in the occurrence, and, as all the negligence imputed to defendant on the first issue arose after plaintiff was down and helpless, the responsibility of defendant attached because it negligently failed to avail itself of the last clear chance to avoid the injury, so its negligence became the sole proximate cause of the injury; and the act of the plaintiff in going on the track, even though negligent in the first instance, became only the remote, and not the proximate or concurrent cause."
In Snipes' case the claimant, a fireman, was neither unconscious nor entirely helpless, but the engine had stopped and the engineer and *Page 152 
fireman went forward looking at the section hands repairing the track and a trestle. The fireman was sitting down on the ties with his feet and his legs partly hanging down between the ties of the trestle. The engineer, unobserved by the fireman, went back and started the engine without proper signal, and the fireman was run on and injured before he could extricate himself: Held, a case calling for the application of the doctrine of the last clear chance, and the opinion cites from Clark's and Bullock's cases
as follows:
"In Bullock's case, Avery, J., for the Court, said: `It is the duty of an engineer, when running his engine, to keep a constant lookout for obstructions, and when an obstruction is discerned, no matter when or where, he should promptly resort to all means within his power, known to skillful engine drivers, to avert the threatened injury or danger. Woods' R. L., sec. 418, p. 1548; R. R. v. Williams, 65 Ala. 74; R. R. v. Jones,66 Ala. 507. If the engineer, so soon as he discovered that the wagon was detained upon the track and could not, for the time, get out of the way, or so soon as with proper care and watchfulness he would have had reason to think such was its condition, had used every means and appliance within his power to stop the train, the defendant would not have been liable. But the judge omitted to tell the jury that it was negligence on the part of defendant, if the engineer could have seen, by watchfulness, though he did not in fact see, that the road was obstructed in time to stop his train before reaching the crossing. Carlton v. R. R., 104 N.C. 365; Wilson v.R. R., 90 N.C. 69; Snowden v. R. R., 95 N.C. 93. The defendant could not complain of this error. It is true that, ordinarily, an engineer has a right to assume that one who has time will get out of the way, but he is not warranted in acting upon this assumption after he has reason to believe that he is laboring under some disability, or that he does not hear or comprehend the signals.'
"And in Clark's case, supra, the Court said: `It is settled law in this State that where an engineer sees that a human being is on the track at a point where he can step off at his pleasure and without delay, he can assume that he is in full possession of his senses and faculties, without information to the contrary, and will step aside before the engine can overtake him. But where it is apparent to an engineer, who is keeping a proper lookout, that a man is lying prone upon the track, or his team is delayed in moving a wagon over a crossing, it has been declared that the engineer, having reason to believe that life or property will be imperiled by going on without diminishing his speed, is negligent if he fails to use all the means at his command, consistent with the safety of the passengers and property in his charge, to stop his train and avoid coming in contact with the person so exposed,' citing Deans v. R. R., 107 N.C. 686; Bullockv. R. R., 105 N.C. 180." *Page 153 
But in the present case there is nothing to show that the intestate was in any way hindered or that there was anything to prevent his avoiding the collision if he had been properly attentive to the threatening conditions in which he had placed himself. And the facts which establish contributory negligence coming from plaintiff's own evidence, and there being nothing to the contrary shown anywhere in the record, it is in accord with our practice that a motion for nonsuit may be entertained and allowed. Speaking to the question in the recent case of S. v. Fulcher, 184 N.C. 665, Stacy,J., said: "Originally, under this section (C. S., 567), there was considerable doubt as to whether a plea of contributory negligence, the burden of such issue being on defendant, could be taken advantage of on a motion to nonsuit, but it is now well settled that such may be done when the contributory negligence of plaintiff is established by his own evidence, as he proves himself out of court," citing Wright v. R. R., 155 N.C. 329; Horne v. R. R., 170 N.C. 660
In the case of Lapish v. Director General, supra, as heretofore stated, the injury was treated as virtually occurring at a public crossing, and some of the facts affecting the issue were in dispute.
On the record, we are of opinion that there was error in denying defendant's motion to nonsuit, and this will be certified that the verdict and judgment be set aside and the case nonsuited.
Reversed.