J. W. McCULLOCH, ADMR., v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 19 December, 1924.)

**Carriers—Railroads—Negligence—Contributory Negligence—Evidence—Nonsuit.**

In an action against a railroad company to recover for the wrongful death of plaintiff's intestate, evidence tending only to show that deceased was killed by the defendant's passing train where the view was unobstructed both to the intestate and to the employees on defendant's train, which approached without signal and warning, and the deceased was a lad in full possession of his faculties and could have readily reached a place of safety, and thus have avoided the injury, a judgment as of nonsuit was properly rendered.

CLARKSON, J., dissenting.

McCULLOCH v. R. R.

APPEAL by plaintiff from *Bryson, J.,* at July Term, 1924, of DAVIDSON.

Civil action to recover damages for death of Alfred Beck, alleged to have been caused by negligence of defendant. From judgment of non-suit at close of plaintiff's evidence, plaintiff appealed. The only assign-. ment of error is based upon exceptions to the judgment of nonsuit.

*Hollingsworth & Nance and J. R. McCrary for plaintiff.*
*Lynn & Lynn for defendant.*

CONNOR, J. The body of plaintiff's intestate was found about 4 p. m. on 13 June, 1922, beside the track of defendant, about three miles south of Lexington, N. C., and about 125 feet south of a crossing. His left arm and left leg were broken and there was a hole on the left side of his head. The leg was broken above the knee and there was a bruise on his left arm. Deceased was 14 years of age, weighed about 85 pounds and was nearly 5 feet tall. He was a bright, intelligent boy, in good health, active and alert. He had left his mother's home about nine o'clock that morning to go to his sister's house. A witness testified that he saw him walking along the public road about an hour before he was killed, with a bucket on his arm. The body, when witnesses first saw it, was lying about 6 or 7 feet from the coss-ties, his cap and bucket nearby.

Just before the body was found, a freight train containing seventy-five cars, running down-grade at a speed of 25 or 30 miles per hour, going south from Lexington toward Salisbury, had passed the point at which the body was found. As the train came around a sharp curve, about 1,200 feet from where the body was found, the engineer saw plaintiff's intestate standing on the end of a cross-tie on the south-bound track. There was nothing to prevent the engineer from seeing him from this time until the engine reached the point at which his body was found. There is evidence that he was standing on the cross-tie when he was struck by the train. If deceased had "looked and listened," there was nothing to prevent his leaving the place of peril where he was standing.

The distance from the point where the body was found to the curve was about 1,200 feet. The train stopped 1,862 feet beyond this point. It is about 6 feet between the northbound and the southbound track. The body was found on the right side of the track, going south. From the end of the cross-ties to the rail of the track was about 18 inches, and a person could not stand on the end of a cross-tie without being struck by a passing train. There was nothing to prevent the deceased, standing on the cross-tie near where the body was found, from

seeing the train as it came around the curve, nor was there anything
to prevent the engineer from seeing a person standing on the cross-tie
or near the track at that point. The track is straight from the curve
south something over a mile. The deceased was killed between two
curves. The body was found about 125 feet from the first crossing.
Witnesses who testified that they saw and heard the train as it came
around the curve and continued in a southerly direction; did not hear
any signal given, by either bell or whistle, of the approach of a train,
nor did these witnesses hear any sound indicating that the brakes were
applied at any time prior to the time the train reached the point where
the body was found.

There was no path provided for people to walk on where the deceased
was killed. There were crossings some distance from the point. Notices
are posted all along the track—one near where the body was found—
warning people of the danger of walking on the track.

The judgment of nonsuit is sustained upon the authority of *Davis v.
R. R.,* 187 N. C., 147. The principle of law applicable to the facts
which the jury could have found from the evidence offered in this case
are fully stated in the opinion filed by *Chief Justice Hoke* in that case.
There is no evidence, from which facts could be found, making the
qualifications of the general rule stated in the opinion applicable to
this case.

Recovery is denied, not upon the ground that the defendant owed the
plaintiff's intestate no duty, but upon the ground that plaintiff's intes-
tate was guilty of contributory negligence, continuing up to and neces-
sarily proximately producing the injury.

The judgment is
Affirmed.

CLARKSON, J., dissenting.