PEARLY THOMPSON, ADMINISTRATRIX OF QUEEN THOMPSON, v.
THE ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 10 September, 1930.)

**Railroads D c—Contributory negligence of person walking on track held
to bar recovery in action for wrongful death.**

　　A pedestrian voluntarily using the track of a railroad company as a
walkway for his own convenience is required to look and listen for ap-
proaching trains and to use due care for his own safety, and where in an
action by an administratrix it appears that the deceased was in full vigor
and in possession of his faculties, and that there was nothing in his condi-
tion to prevent him from seeing and hearing the defendant's train and
getting off the track, the deceased's own negligence will bar a recovery by
his administratrix.

APPEAL by plaintiff from *Sinclair, J.,* at June Term, 1930, of EDGE-
COMBE. Affirmed.

Action to recover damages for the wrongful death of plaintiff's
intestate.

Plaintiff's intestate, about nineteen years of age, while walking on
defendant's track, was struck and killed by one of its trains. There
was no eye-witness of the occurrence. There was evidence tending to
show that plaintiff's intestate was struck by defendant's train about 400
yards south of a public crossing, and that no bell was rung or whistle
blown when the train approached and passed over the crossing. From
the crossing to the place where the body of the deceased was found, the
track was straight and the view of the engineer unobstructed. There
was no evidence tending to show that plaintiff's intestate was down on
the track, or that there was anything in his condition or situation which
prevented him from getting off the track before the train struck him.
He was a strong, able-bodied young man, on his way from his home to
the factory at which he was employed. He had gone upon the railroad
track voluntarily, instead of walking on the public road, which was
parallel to the track. There was no evidence tending to show that he
could not have seen and heard the train in ample time to have got off
the track before the train struck him.

At the close of the evidence for the plaintiff, on motion of the defend-
ant, the action was dismissed by judgment as of nonsuit. From this
judgment plaintiff appealed to the Supreme Court.

　　*H. D. Hardison and Henry C. Bourne for plaintiff.*
　　*Gilliam & Bond and Spruill & Spruill for defendant.*

PER CURIAM. We find no error in the judgment dismissing this action. The judgment is supported by the decision of this Court in *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827. In the opinion in that case it is said: "The decisions in this State have been very insistent upon the principle that a pedestrian voluntarily using a live railroad track as a walkway for his own convenience, is required at all times to look and listen, and to take note of dangers that naturally threaten and which such action on his part would have disclosed, and if in breach of this duty and by reason of it, he fails to avoid a train moving along the track, and is run upon and killed or injured, his default will be imputed to him for contributory negligence and recovery is ordinarily barred." See cases cited.

There was no evidence at the trial of this action tending to show a situation upon which an issue involving the principle of "last clear chance" should have been submitted to the jury. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829. Conceding that there was some evidence tending to show negligence on the part of the defendant, all the evidence offered by the plaintiff showed that by his own negligence he contributed to the injuries which caused his death. Plaintiff is therefore barred of recovery in this action. *Neal v. R. R.,* 126 N. C., 634, 36 S. E., 117, 49 L. R. A., 684. The judgment is

Affirmed.