This is an action for actionable negligence. The plaintiff is 47 years old. On 3 June, 1929, in the day time, between 2 and 3 o'clock p.m., the plaintiff was walking on the northbound track of defendant company, between Ennis and West Green streets in the city of High Point, N.C. The plaintiff testified on cross-examination: "I came down the track to shun the mud and water. . . . The line I was walking on was the main line going to the heart of High Point. . . . I was on the northbound track. . . . Before I went on the track I looked both ways to see that there was no train in sight either way. That was the last time I looked back, as far as I know, except when something on the bank attracted my attention. That was the last time I looked for a train. It was right around a hundred yards from the Ennis Street Crossing where I was hurt. I was walking in the middle of the track. I was going to turn square to my right and go up the bank, cross the railroad line and up the bank. I was between the rails when I was struck. I was knocked down between the rails. I think I was walking at an ordinary gait. I have a good eyesight. I am very hard of hearing, not as much then as I am now. I could hear good enough to work anywhere."
Plaintiff's left arm was injured so that it had to be amputated. The evidence of plaintiff's witness was to the effect that defendant's train was backing with three or four box-cars, and he was struck by the first car on the end. No warning or signal was given of the train's approach. The train was not running very fast — eight, ten or twelve miles an hour. No one was stationed on the end car. Witnesses heard no bell ringing or whistle blow at Ennis Street Crossing. It was in evidence that the track was used as a walkway. The railroad is straight from Ennis Street and plaintiff was struck about 300 feet from Ennis Street. Plaintiff had walked between the rails, and on the northbound track as *Page 652 
it was muddy and water was standing between the north and southbound tracks above his shoetops. There was a space of about five feet between the ends of the cross-ties, between the two tracks.
At the close of plaintiff's evidence the defendant, in the court below, made a motion for judgment as in case of nonsuit. C. S., 567. The court below allowed the motion, and in this we see no error. Neal v. R. R.,126 N.C. 634; Davis v. R. R., 187 N.C. 147; Thompson v. R. R., ante, 409. The judgment of the court below is
Affirmed.