J. E. WAY, ADMINISTRATOR OF THE ESTATE OF O. W. WAY, DECEASED, v. HIGH POINT, THOMASVILLE, AND DENTON RAILROAD COMPANY.

(Filed 27 February, 1935.)

**Railroads D b—Nonsuit held proper in this action to recover for death of intestate killed while walking on track.**

The evidence tended to show that defendant railroad maintained two tracks at the scene of the accident, that it was customary for trains going east to use one track and trains going west to use the other, and that plaintiff's intestate was walking west on one track towards a crossing and was struck and killed by a train going in the same direction which was running on that track contrary to custom, and which failed to give signals or warning. There was no evidence that plaintiff's intestate was not in full possession of his faculties: *Held,* defendant's motion as of nonsuit was properly allowed.

CIVIL ACTION, before *Clement, J.,* at May Civil Term, of GUILFORD.

The evidence tended to show that on or about 24 November, 1933, plaintiff's intestate was walking on the track of defendant, approaching a crossing in the city of High Point. The defendant maintained two tracks, one known as the northbound track and the other as the south-bound track. There was evidence that the tracks and the space between the tracks had been used by the public as a walkway for a substantial period of time. The plaintiff's intestate was struck near the crossing by a train traveling in the same direction.

The evidence also tended to show that usually trains going westward used the right-hand or north track, and trains traveling eastward used the left-hand or south track. However, at the time plaintiff's intestate was killed the north track was blocked by reason of the construction of a bridge and the train was moving westward on the south track. There was evidence that no signals were given by the train for the crossing. The killing occurred at five o'clock p.m., on a clear day.

At the conclusion of plaintiff's evidence the trial judge sustained the motion of nonsuit, and the plaintiff appealed.

*Walser & Casey* for plaintiff.
*Lovelace & Kirkman* for defendant.

BROGDEN, J. A pedestrian in the daytime is walking on a live track of a railroad approaching a crossing. An engine traveling in the same direction as the pedestrian runs upon him without signal, and death results from the impact. At the time the train was running contrary to its usual custom upon the south track. There was no evidence that the pedestrian was not in full possession of all of his faculties.

The question of law presented is whether plaintiff's intestate was entitled to recover. The law answers the question in the negative. The applicable principle was stated in *High v. R. R.*, 112 N. C., 385, 17 S. E., 79, as follows: "Where an engineer sees, on the track in front of the engine which he is moving, a person walking or standing, whom he does not know at all, or who is known by him to be in full possession of his senses and faculties, the former is justified in assuming, up to the last moment, that the latter will step off the track in time to avoid injury, and if such person is injured the law imputes it to his own negligence, and holds the railroad company blameless. . . .

"If the plaintiff had looked and listened for approaching trains, as a person using a track for a footway should in the exercise of ordinary care always do, she would have seen that the train, contrary to the usual custom, was moving on the siding," etc. The same principle was tersely expressed in *Neal v. R. R.*, 126 N. C., 634, 36 S. E., 117, as follows: "These cases hold that it is not negligence in a railroad company where

its train runs over a man walking on the railroad track, apparently in possession of his faculties, and in the absence of any reason to suppose that he was not. This is put upon the ground that the engineer may reasonably suppose that the man will step off in time to prevent injury." See, also, *Davis v. R. R.,* 187 N. C., 147, 120 S. E., 827; *Thompson v. R. R.,* 199 N. C., 409, 154 S. E., 630; *Dix v. R. R.,* 199 N. C., 651, 155 S. E., 448.

Affirmed.